Maria CASTILLO, Appellant,

v.

WESTWOOD FURNITURE, INC., Appellee.

No. 14–99–00302–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 3, 2000.

Michael J. Griffin, Houston, for appellants.

Alice C. Brown, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and EDELMAN.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant, Maria Castillo ("Castillo"), appeals the granting of a motion for summary judgment in favor of appellee, Westwood Furniture, Inc. ("Westwood"). Castillo appeals on one point of error asserting that the trial court erred in granting the summary judgment. We agree and reverse the judgment and remand to the trial court for further proceedings.

### Factual and Procedural History

Looking at the evidence in a light most favorable to Castillo, she presented the following facts: While shopping for furniture, Castillo visited Westwood. As she walked into the store, she tripped and broke her ankle. Immediately after she tripped, Castillo looked down; she saw a mat on the floor and saw that she was on a ramp. The area where Castillo tripped had been painted with yellow paint to warn customers of the entrance ramp and its change in elevation. However, on the day Castillo tripped, almost all of the yellow paint was worn away from the area.

Castillo subsequently sued Westwood for her injuries, alleging that Westwood failed to use ordinary care to eliminate a condition on its premises which posed an unreasonable risk of harm. Castillo alleged that three conditions made the premises dangerous: (1) Westwood's failure to maintain the yellow paint on its entrance ramp, (2) Westwood's failure to properly warn her of the slope in the entrance ramp, and (3) Westwood's failure

to remove the mat, which created an obstruction to the entrance way.

After Castillo was deposed, Westwood moved for summary judgment, arguing that it was entitled to judgment as a matter of law because Castillo could not establish two of the elements of a premises defect: proximate cause and actual or constructive knowledge of the defect. The trial court granted Westwood's motion for summary judgment, and Castillo appeals.

## Standard of Review

In her sole point of error, Castillo argues that the trial court erred in granting Westwood's motion for summary judgment because Westwood did not meet its burden to show that no genuine issue of material fact existed. As we explain below, we agree that Westwood did not meet its burden.

■ Because the trial court's order did not specify the ground or grounds upon which it relied in granting appellees' motion, we will uphold the judgment if it were properly granted and supported on any ground by competent summary judgment evidence. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989).

■ In a traditional motion for summary judgment, the movant has the burden of showing, with competent proof, that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a; Nixon v. Mr. Property Management Company, 690 S.W.2d 546, 548 (Tex.1985). When a defendant is the movant for summary judgment, it has the burden to conclusively negate at least one essential element of the plaintiff's cause of action, or conclusively establish each element of an affirmative defense. See Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476–77 (Tex.1995); Montgomery v.

Kennedy, 669 S.W.2d 309, 310–11 (Tex. 1984). If the movant's motion and summary judgment proof facially establish its right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. See HBO, A Div. of Time Warner Entertainment Co., L.P. v. Harrison, 983 S.W.2d 31, 35 (Tex.App.—Houston [14th Dist.] 1998, no pet.). In deciding whether a disputed material fact issue exists precluding summary judgment, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to it as true. See Nixon, 690 S.W.2d at 548–49; Karl v. Oaks Minor Emergency Clinic, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

■ Here, Westwood filed a traditional motion for summary judgment. To properly prevail on its motion, Westwood had the burden to negate at least one of the following elements of Castillo's premises liability claim: (1) Westwood had actual or constructive knowledge of a condition of the premises; (2) the condition posed an unreasonable risk of harm; (3) Westwood did not exercise reasonable care to reduce or eliminate the risk; or (4) Westwood's failure to use reasonable care proximately caused Castillo's injuries. See Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex.1992) (stating the elements of a premises liability cause of action). As we noted, here, Westwood attempted to negate two elements of Castillo's cause of action: (1)that the ramp and/or mat proximately caused the accident and (2) that Westwood was aware of a condition that posed an unreasonable risk of harm. However, as we discuss below, Westwood offered no summary judgment proof that conclusively established these elements and, therefore, did not meet its initial burden of negating either of these elements as a matter of law.[1] Consequent-

---

1. Neither of the parties contend that Westwood's motion was a no evidence motion which would require Castillo to come forth with evidence on each of the elements of her cause of action. See Tex.R. Civ. P. 166a(i); Lampasas v. Spring Center, Inc., 988 S.W.2d 428, 433 (Tex.App.—Houston [14th Dist.] 1999, no writ).

ly, the burden never shifted to Castillo to present evidence of her own.

### Proximate Cause Element

■ First, Westwood attempted to negate the element of proximate cause, contending that Castillo had no proof, and did not know, that anything was wrong with the mat in the store's entrance way. Westwood relies on the following deposition excerpt from Castillo's testimony as summary judgment proof of this element:

Q: [A]fter you tripped and had caught yourself on the wall, did you look at the ground at that time?

A: I saw the mat. Because I said, "Well, how strange. What did I trip on?" And I saw the mat.

Q: Prior to the time you tripped, did you see that the edge of the mat was a bit lifted?

A: No. As I said to you, I was looking straight ahead; and it was after I tripped that I saw it.

Q: So you don't know whether that edge of the mat was lifted prior to the time that you tripped; is that correct?

A: No. I suppose no. No.

Westwood argues that, because Castillo did not know whether anything was wrong with the mat and did not see it until *after* her fall, she cannot establish that it was a premises defect or that it proximately caused her fall. Westwood also contends that Castillo is merely inferring that the ramp and/or mat caused her fall, and that she has no proof that they did, in fact, cause her fall. Westwood points out that Castillo did not testify that she was unable to see an elevation change or that it played a part in her accident, she merely assumes that it played a part in her accident. As support for its argument that Castillo has created only an inference of proximate cause, Westwood relies solely on Castillo's deposition testimony cited above and directs us to case law it contends supports the conclusion that Castillo's testimony, which only raises an inference of liability,

is not enough to prevent a summary judgment. As we explain below, Westwood is mistaken.

First, in this traditional motion for summary judgment, Castillo's deposition testimony does not prove or disprove anything helpful to Westwood. Castillo's testimony proves that she believes something caused her to fall, but she does not know exactly what caused her to fall. If Westwood had filed a no evidence summary judgment motion, this type of testimony might defeat her claim, because she would have had the burden of coming forward with some evidence proving each element of her cause of action. *See* Tex.R. Civ. P. 166a(i). However, because this was a traditional summary judgment, Westwood had the burden of conclusively negating at least one element of the Castillo's cause of action; Castillo, as the nonmovant, did not have to produce evidence supporting the allegations in her pleading that the ramp, mat, and/or lack of warnings of the ramp caused her to fall. *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 434–35 (Tex. 1997). Here, without proving that the ramp, mat, and/or lack of warnings did not cause Castillo's fall, Westwood has attempted to meet its burden by focusing on what Castillo failed to prove. *See id.* In a traditional motion for summary judgment, this is inappropriate.

The case law Westwood cites underscores this point, leading us to our second point: the cases Westwood relies on do not support this summary judgment. They are not supportive because, unlike this case, they either involve a summary judgment movant who met its burden of presenting ample evidence negating an element of the plaintiff's cause of action and shifted the burden to the plaintiff to present its own evidence, or involved a *trial,* not a pre-trial proceeding, at which the plaintiff was bound to prove all the elements of her cause of action or face a directed verdict or unfavorable jury verdict. For example, in Westwood's summary judgment cases, the movant for sum-

mary judgment met its initial burden of presenting ample evidence to show that it was entitled to judgment as a matter of law, thus shifting the burden to the non-movant to create a fact issue. *Summers*, a case Westwood claims is directly on point, is an excellent example of this. *See Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20 (Tex.App.—Houston [1st Dist.] 1995, writ denied). There, the movant in a traditional motion for summary judgment presented affidavits, deposition excerpts, and other evidence to show that a railing, over which the plaintiff's son fell and was killed, was safe. The movant also presented evidence to show that the plaintiff was very intoxicated and probably fell because he was intoxicated, not because the railing was unsafe. Specifically, the hotel presented the testimony of an architect and engineer that the height of the railing was safe, that it met building codes, that the design was typical for the industry, that the railings were installed according to design and that the railings were regularly checked for deterioration. The hotel also presented evidence of employees who stated that there had not been any other incidents involving the railings, and who stated that the deceased had been drinking in the bar, and that his room contained an empty beer can and a quart of Jack Daniel's two-thirds empty. In response to this mountain of evidence, the plaintiff presented evidence that the deceased was very intoxicated and presented the testimony of an engineer who said the railing could be safer, but he did not know how the deceased got over the railing and could only speculate about how or why he fell. The appellate court concluded that the hotel had met its initial burden (showing (1) that the railings were not the cause of the accident and (2) that there was no evidence showing that negligence of the hotel

caused the fall) and that the plaintiff was then required to present evidence of its own to create a fact issue on causation and negligence. Instead of doing this, the plaintiff presented evidence that only raised inferences or speculation; the evidence did not create a fact issue.

This appeal is similar to *Summers* in one instance and dissimilar in another. The similarity is that, in the summary judgment response, the plaintiff, Castillo, has created only inferences of causation and/or negligence. The dissimilarity is that the movant, Westwood, has not presented summary judgment evidence meeting its initial burden to show that the ramp did not pose an unreasonable risk of harm and/or did not cause the fall. Unlike *Summers*, we have no testimony from engineers, architects, or employees regarding the ramp's safety. In fact, if anything, we have just the opposite, for the record contains testimony from a Westwood employee that the ramp's sides were painted yellow because the store recognized that the rise in elevation could cause customers to fall. Thus, although Castillo did not present any evidence proving that the ramp or mat caused her fall, she did not need to, because Westwood did not meet its initial burden of negating this element of her cause of action.[2] In short, *Summers* is not controlling.

Westwood's remaining supporting authority also is not controlling because it does not involve a review of motions for summary judgment. Instead, the cases involve appeals from trials, where the burden was on the plaintiffs to prove not only causation, but all the elements of their causes of action. *See Texas Dep't of Corrections v. Jackson*, 661 S.W.2d 154 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd

---

**2.** As we noted earlier, Castillo did allege in her petition that the ramp, mat, and/or the lack of yellow stripes on the sides of the ramp, proximately caused her fall. These allegations were sufficient to require Westwood, in a traditional motion for summary judgment, to come forward with proof negat-

ing the allegation. *See American Tobacco Co.*, 951 S.W.2d at 434; *HBO, A Div. of Time Warner Entertainment Co., L.P.*, 983 S.W.2d at 35. Had Westwood filed a no evidence summary judgment motion, Castillo would have had to produce evidence of proximate cause. *See* Tex.R. Civ. Pro. 166a(i).

n.r.e.) (appeal from a jury verdict); *Hopper v. J.C. Penney Co.*, 371 S.W.2d 750 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.) (appeal from a directed verdict).

### Constructive Knowledge Element

In its motion, Westwood also attempted to negate the element of actual or constructive knowledge of the premises defect by relying on excerpts from Castillo's deposition testimony:

Q: [I]f the mat that was on the walkway was lifted a bit in front before you fell, you don't know how long it would have been that way, correct?

A: No.

Q: And, in fact you don't know if it was lifted prior to the time that you tripped?

A: No.

Q: On that day, the day of your accident, you don't know if anybody at Westwood Furniture was aware of whether there was anything wrong with the mat?

A: No.

Q: You don't know if anybody else had complained about the mat prior to your accident?

A: No, neither.

Again, Westwood did not attach any additional summary judgment evidence that conclusively negated the element of actual or constructive knowledge. Westwood merely argued that Castillo had no evidence that Westwood knew anything was wrong with the mat prior to her fall. As with the proximate cause element, Westwood is attempting—prematurely—to trigger a burden on Castillo to produce some evidence of actual or constructive knowledge before Westwood has met its own burden to negate the element; Westwood is attempting to focus on what Castillo failed to prove. In a traditional motion for summary judgment, this is improper. *See HBO, A Div. of Time Warner Entertainment Co., L.P.*, 983 S.W.2d at 35 (holding that in a traditional motion for summary judgment the burden shifts to the non-movant to raise a fact issue *after* the movant has facially established its right to judgment as a matter of law); *American Tobacco Co.*, 951 S.W.2d at 435 (reiterating that a movant in a 166a(c) motion for summary judgment meets its burden by conclusively negating at least one element of the plaintiff's cause of action, not by pointing to what the plaintiff has failed to prove).

### Conclusion

In summary, because Westwood did not present competent summary judgment proof negating at least one element of Castillo's cause of action, the burden never shifted to Castillo to present evidence to create a fact issue. Thus, Westwood has not met its burden as the movant in a traditional motion for summary judgment to show it was entitled to judgment as a matter of law. Consequently, we sustain Castillo's sole point of error, and we reverse the judgment and remand to the trial court for further proceedings.