United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40289
Summary Calendar
_____

SAMGODSON ESSELL,

                                        Plaintiff-Appellant,

versus

MICHAEL PURDY, Warden; SMITH, Associate Warden; SANDERSON,
Captain; BOB SWAIN, Lieutenant; JOHN DOE, Safety Manager,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-204
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Samgodson Essell, federal inmate #95560-012, appeals the

summary judgment dismissal of his complaint brought pursuant to

the Federal Tort Claims Act "FTCA."  Essell alleged that while he

was incarcerated in the Special Housing Unit of Three Rivers,

FCI, the unit frequently flooded with raw sewage.  Essell alleged

that the conditions caused him injury, including the development

of high blood pressure for which he must take medication.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a grant of summary judgment <u>de</u> <u>novo</u>. <u>Clark v. America's Favorite Chicken Co.</u>, 110 F.3d 295, 296-97 (5th Cir. 1997). "Summary judgment is appropriate when the record reflects that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Id.</u> at 297 (citation omitted); FED. R. CIV. P. 56(c). Once the moving party meets its initial burden, the burden shifts to the nonmoving party "to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." <u>Clark</u>, 110 F.3d at 297. The nonmovant cannot satisfy his burden by presenting unsupported allegations. <u>Id.</u>

The United States met its initial burden of pointing out the absence of a genuine issue for trial, and the burden shifted to Essell to come forward with competent summary judgment evidence to establish that he suffered an injury and that his injury was caused by the conditions of his confinement. <u>See</u> FED. R. CIV. P. 56(e); <u>Quijano v. United States</u>, 325 F.3d 564, 567 (5th Cir. 2003); <u>Castillo v. Westwood Furniture, Inc.</u>, 25 S.W.3d 858, 862 (Tex. Ct. App. 2000). Essell did not meet his burden; unsworn documents are not competent summary judgment evidence. <u>See</u> FED. R. CIV. P. 56(e); <u>Martin v. John W. Stone Oil Dist.</u>, 819 F.2d 547, 549 (5th Cir. 1987).

The United States of America is immune from claims for damages based upon violations of the Eighth Amendment and is not liable for punitive damages in a tort action. <u>See</u> 28 U.S.C.

§ 2674; <u>Martin v. Miller</u>, 65 F.3d 434, 442 (5th Cir. 1995);

<u>Johnson v. Sawyer</u>, 47 F.3d 716, 727 (5th Cir. 1995) (en banc).

Accordingly, the judgment of the district court is AFFIRMED.