Affirmed and Memorandum Opinion filed November 8, 2005









Affirmed and Memorandum Opinion filed November 8,
2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00122-CV

____________

 

MICHAEL NEIL
STRAHAN AND KITTEN JAYNE STRAHAN, INDIVIDUALLY, JOINTLY, AND AS NEXT FRIENDS
FOR THEIR MINOR CHILDREN, CHELSEA RENEE STRAHAN, SUMMER GRACE PHILLIPS AND
MITCHELL KENT STRAHAN, Appellants

 

V.

 

LARRY LEWIS
BLANTON AND DONNA J. BLANTON, Appellees

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 02-65985

 



 

M E M O R A N D U M   OP I N I O N

Appellants, Michael Strahan and Kitten
Strahan, individually and jointly, and as next friends of their three children
Chelsea Strahan, Summer Phillips, and Mitchell Strahan appeal summary judgments
granted in favor of appellees, Larry and Donna Blanton.  This suit arises from injuries Michael
Strahan sustained while working at the Blantons= home.  We affirm.

 








I.  Factual and Procedural Background

On May 14, 2002, Michael Strahan, an independent
contractor, was hired to perform exterior siding work at appellees= residence.  To perform the siding work, Strahan climbed onto appellees= roof.  Once on the roof, Strahan noticed the top of
the roof had a bare spot,[1]
loose shingle rock, twigs, and leaves. 
Strahan was standing on the roof and removing siding from the second
floor overhang when he slipped and fell to the ground.  Strahan was standing on his tiptoes on the
sloped roof, stepped back with his right foot, felt something move from beneath
his foot, and lost his balance.  Strahan
was not sure whether the slip was caused by the steep slope of the roof or
something loose under his feet. 

On December 31, 2002, Strahan, his wife, and their three
children filed suit against the Blantons alleging negligence, gross negligence,
premises liability, and negligence per se. 
On January 16, 2004, the Blantons filed separate motions for summary
judgment asserting both traditional and no-evidence grounds.  The Blantons alleged: (1) there was no
evidence of any condition on the property that posed an unreasonable risk of
harm, and no evidence the Blantons= alleged failure to reduce or
eliminate the risk proximately caused Strahan=s injuries; (2) there was no evidence
of proximate cause; (3) appellants failed to specify what condition on the
premises posed an unreasonable risk of harm; (4) appellants failed to set forth
any facts or allegations to meet the elements of gross negligence; and (5)
appellant=s provided no evidence of lost wages
and loss of consortium.  

Appellants responded to both motions for summary judgment
citing deposition testimony stating leaves, twigs, and loose shingle rock
littered the roof and the roof contained a bare spot.  Appellants argued appellees had notice of the
debris and condition of the roof and should have known it involved an
unreasonable risk of harm and warned Strahan. 
The trial court granted both motions for summary judgment.








In four issues, appellants contend summary
judgment was improper because: (1) genuine issues of material fact preclude
appellees= traditional motion for summary judgment,
and more than a scintilla of evidence exists to preclude appellees= no-evidence
motion for summary judgment; (2) evidence shows appellees were negligent and
grossly negligent; (3) there was inadequate time for discovery; and (4) there
is sufficient proof of economic damages and loss of consortium.

II. 
Standards of Review

The standards of review for both
traditional and no-evidence summary judgments are well known.  Tex.
R. Civ. P. 166a(c), (i); King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003); Nixon v. Mr. Prop. Mgmt. Co., Inc., 690
S.W.2d 546, 548 (Tex. 1985).  Because the
trial court=s order does not specify the ground or
grounds on which the summary judgment is granted, we affirm if any of the
theories advanced in either summary judgment motion are meritorious.  See State Farm Fire & Casualty Co. v.
S.S., 858 S.W.2d 374, 380 (Tex. 1993). 

III. 
Premises Liability 

Appellants= claims against
appellees assert liability arising from a premises defect.  All parties agree appellant was an invitee at
the time of the accident.  Generally, a
premises owner has no duty to see that an independent contractor performs his
work in a safe manner.  Redinger v.
Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985).  An owner can be liable for the injuries of an
independent contractor if a defect existed on the premises when the independent
contractor entered the premises.  Coastal
Marine Serv. of Texas v. Lawrence, 988 S.W.2d 223, 225 (Tex. 1999).  The elements of appellants= claim are (1)
appellees= actual or constructive knowledge of a
condition on their premises, (2) that posed an unreasonable risk of harm, (3)
that appellees did not exercise reasonable care to reduce or eliminate, and (4)
the failure to use such care proximately caused Strahan=s injury.  See CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 101 (Tex. 2000). 








In support of appellants= argument that
they raised fact issues, Strahan points to the following testimony from his
deposition:

Q.      Okay. 
As you were removing those top pieces had you had any problem with
footing up until this fall?

A.      Yeah.  Every once in a while my foot would
slip.  Just, you know C

Q.      While
you were tiptoeing?

A.      No,
it was C there was leaves
and twigs and C

Q.      Okay.

A.      C loose, you know,
shingle rock.

Q.      Right. 
I guess you had known that since 10:00 when you first got up there,
right?

A.      Well, when I first got up there, there was
C I noticed a spot on the shingle
where all the rock had been rubbed off and I C I pointed it out to Lee and he
looked at it and he said that he knew about it and Larry knew about it because
they had trimmed the trees back previously.

 

Q.        Okay.  Was that in the
area where you slipped, or was that somewhere else on the roof?

 

A.        That was down towards the other end.

 

Appellants contend this testimony was sufficient to defeat
appellees= no-evidence motion for summary
judgment.  However, during his
deposition, Strahan also testified as follows:

Q.      [Defense
Counsel] But do you know one way or another whether your foot slipped because
you stepped on something , a leaf, a twig, or it was just that it slipped on
the angle of the roof?

A.      I
didn=t see.  I don=t know. 

**************








Q.      [Defense
Counsel]  I asked you previously if there
was any obstruction or anything [on the roof]. 
I asked you about the leaves and the twigs and the shingles and if anyBany of that is what caused you to
fall and you had told me no.  Why is it
now that you=re saying something slipped under
your foot?  

A.      I don=t know what it was I stepped
on.  WhatBmoved I don=t know.  I couldn=t see.        

Q.      You
can=t say there was anything there, can
you?

A.      I
don=t know.

**************

Q.      [S]o
do you have any explanation as to what caused it?

A.      The
roof caused it.  

Q.      And
what about the roof caused it?

A.      That=s what I slipped on.

 

To prevail under a theory of premises liability, a plaintiff
must prove that the defendant=s negligence was a proximate cause of his injuries. See
CMH Homes, Inc., 15 S.W.3d at 99. 
Proximate cause consists of both cause in fact and
forseeability.  Doe v. Boys Clubs of
Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995).  Cause in fact means that the defendants= act or omission was a substantial
factor in bringing about the injury, which would not otherwise have
occurred.  Prudential Ins. Co. v.
Jefferson Assocs., 896 S.W.2d 156, 161 (Tex.1995).  At some point in the causal chain, the
defendants= conduct may be too remotely
connected with the plaintiff=s injury to constitute legal causation.  Marathon Corp. v. Pitzner, 106 S.W.3d
724, 727 (Tex. 2003).  Cause-in-fact must
be proved by evidence of probative force and not by mere conjecture, guess, or
speculation.  Western
Investments Inc. v. Urena, 162 S.W.3d 547, 551 (Tex. 2005).  








By Strahan=s deposition testimony and appellants= argument, appellants suggest that
appellees= were the proximate cause of his
accident merely because he slipped and fell from the roof.  Strahan testified, however, that the bare
spot on the roof was not in the area where he slipped and fell.  He further testified that he did not know if
he stepped on anything on the roof. 
Strahan=s testimony that the roof caused his
fall establishes only the fact of his injury, not that it was caused by
appellees= alleged negligence.  Appellants failed to provide more than a
scintilla of evidence to meet the proximate cause element and overcome the
no-evidence motion for summary judgment. 
See Hopper v. J.C. Penney Co., 371 S.W.2d 750, 751B52 (Tex. App.CFort Worth 1963, writ ref=d n.r.e.) (finding where appellant
testified she did not know what caused her fall, evidence did not show causal
connection); see also Castillo v. Westwood Furniture, Inc., 25 S.W.3d 858,
859C62 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (reversing a traditional summary judgment when the
plaintiff tripped on a mat and did not know the cause of her fall, but stating
the testimony might have defeated the claim if the defendant had filed a
no-evidence motion).  Because appellants failed to produce any
evidence that appellees= negligence, if any, proximately caused Strahan=s accident, we overrule the first and
second issues.

IV. 
Adequate Time for Discovery

In their third issue, appellants contend
the no-evidence summary judgment should have been denied because there had not
been adequate time for discovery.  A party may move for a no-evidence
summary judgment only after adequate time for discovery.  Tex.
R. Civ. P. 166a(i).  In
considering whether the trial court has permitted an adequate time for
discovery, we consider factors such as (1) the nature of the case, (2) the
nature of evidence necessary to controvert the no‑evidence motion, (3)
the length of time the case was active, (4) the amount of time the no‑evidence
motion was on file, (5) whether the movant had requested stricter deadlines for
discovery, (6) the amount of discovery that had already taken place, and (7)
whether the discovery deadlines in place were specific or vague. Martinez v.
City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.CSan Antonio 2001, pet. denied).  We review a trial court=s determination that there has been
an adequate time for discovery on a case‑by‑case basis, under an
abuse of discretion standard.  Restaurant
Teams Int=l, Inc. v. MG Sec. Corp., 95 S.W.3d 336, 339 (Tex. App.CDallas 2002, no pet.).  

 








A.        Nature
of the Case and Evidence Necessary to Defeat the Motion

This is a premises liability case in which appellants must
show appellees= negligence proximately caused
Strahan=s injuries.  Appellants contend they need additional time
for discovery to reschedule the deposition of Dr. Saul Trevino.  Appellants allege in their brief AHad Dr. Trevino attended the
deposition, his deposition testimony could have corroborated with the kind of
injuries the Appellant sustained when he fell from Appellees= roof because of the existence of the
dangerous condition on Appellees= roof.@ 
Appellants do not allege that Dr. Trevino witnessed the accident, or
that he had any knowledge of the condition of appellees= roof, or the reason Strahan fell
from the roof.

B.        Length of
Time the Case and Motion were on File

The suit was filed December 31, 2002.  A docket control order was filed July 25,
2003, which stated the discovery limitations of Rules 190.2 and 190.3 of the
Texas Rules of Civil Procedure applied to discovery, which permit discovery
until thirty days before the date set for trial.  Trial was set February 16, 2004; therefore,
the discovery period expired January 15, 2004. 
Appellees= no-evidence motion for summary judgment was filed January
17, 2004 and Dr. Trevino=s deposition was originally scheduled January 29, 2004. 

C.        Status
of Discovery

Oral depositions of Strahan and Larry Blanton were taken on
October 15, 2003.  Oral depositions of
Kitten Strahan and Clifford Blanton were taken on October 20, 2003.  Although Dr. Trevino=s deposition was not scheduled prior
to the end of the discovery period, appellees= motion was filed on the grounds that
appellants produced no evidence of proximate cause or negligence.  Dr. Trevino was Strahan=s treating physician, and had no
personal knowledge of the accident or the condition of the roof prior to the
accident.

 

 








D.        Remaining
Factors

The final factors are whether the discovery deadlines were
vague and whether the movant requested stricter deadlines for discovery.  The discovery deadline specifically followed
the rules of civil procedure.  Appellees
did not request stricter deadlines for discovery, nor did appellants seek a
continuance in order to complete discovery.

E.        Conclusion

Appellants were given over one year to complete discovery
before the February, 2004 trial date. 
Appellees= motion was filed based on no evidence of liability, not
damages.  The additional discovery sought
by appellants tended to show proof of damages, not liability.  The trial court did not abuse its discretion
in granting appellees= no-evidence motion for summary judgment.

V. 
Damages

In their fourth and fifth issues,
appellants contend there was adequate evidence to establish economic damages
and loss of consortium.  Because
appellees= motion was meritorious on the issue of
liability, we need not reach issues four and five.  See State Farm, 858 S.W.2d at 380.

The judgment of the trial court is affirmed. 

 

 

/s/          John S. Anderson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed November 8, 2005.

Panel
consists of Justices Anderson, Fowler, and Frost.     











[1]  Strahan=s deposition testimony reveals the alleged bare spot
was on the other end of the roof from where he fell and did not cause his fall.