COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-340-CV



 

JAMES DALE CHAFIN                                                                   APPELLANT

 

   V.

 

STACEY MONTGOMERY AND                                                        APPELLEES

NRT TEXAS, INC. D/B/A
COLDWELL

BANKER RESIDENTIAL
BROKERAGE

                                              ------------

 

            FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      








In a
single issue, Appellant James Dale Chafin challenges the take-nothing summary
judgment entered against him on his claims for fraud, statutory fraud, and
breach of fiduciary duty against Appellees Stacey Montgomery and NRT Texas,
Inc. d/b/a Coldwell Banker Residential Brokerage.  Because Appellees failed to conclusively
negate an essential element of any of Chafin=s claims
against them, we will reverse the summary judgment and remand this case to the
trial court.

In a
summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979).  The burden of
proof is on the movant, and all doubts about the existence of a genuine issue
of material fact are resolved against the movant.  Sw. Elec. Power Co., 73 S.W.3d at 215.

When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant's favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

The
summary judgment will be affirmed only if the record establishes that the
movant has conclusively proved all essential elements of the movant=s cause
of action or defense as a matter of law. 
Clear Creek Basin, 589 S.W.2d at 678.








Chafin
and his wife divorced in 2004.  The
division of the marital estate in the agreed final decree of divorce provided
that Chafin would receive the couple=s
interest in a house that the couple owned with Chafin=s mother
(AJenkins
Street property@) and that Chafin=s wife
would receive the couple=s interest in the house that
they occupied (AOsprey Court property@).  The decree ordered, however, that the Osprey
Court property Ashall be sold under the
following terms and conditions.@  The conditions required, in part, that the
Osprey Court property was to be listed with a duly licensed real estate broker,
that A[t]he
property shall be sold for a price that is mutually agreeable to Petitioner and
Respondent,@ and that the net sales proceeds
from the Osprey Court property were to be divided equally between the parties
except that Chafin is required to pay $10,000 to his ex-wife out of his share
of the proceeds Afor her portion of equity in the
[Jenkins Street] property.@  The decree required Chafin=s
ex-wife to Amake all payments of principal,
interest, taxes, and insurance on the [Osprey Court] property during the
pendency of the sale@ and gave her the exclusive
right to use and possess the Osprey Court property until closing.  Likewise, the decree=s award
of the Jenkins Street property to Chafin was made Asubject
to payment of the sum of $10,000 [to Chafin=s
ex-wife] upon the sale of the [Osprey Court property] for her portion of equity
in this real property.@ 








Chafin
and his ex-wife agreed to list the Osprey Court property with real estate agent
Stacey Montgomery; Montgomery=s
sponsoring broker was NRT Texas, Inc. d/b/a Coldwell Banker Residential
Brokerage.[2]  While Chafin=s
ex-wife was in sole possession of the Osprey Court property, she refinanced the
property, increasing the debt on the property and reducing the equity.  Montgomery located a buyer for the property
and presented a sales contract to Chafin. 
When Chafin saw the offered purchase price, he realized thatCin light
of the reduced equity in the property based on the refinancingChis half
of the net proceeds from the sale might not be enough to satisfy his obligation
to pay his ex-wife $10,000 out of his part of the proceeds as payment for her
equity in the Jenkins Street property. 
Accordingly, Chafin wrote a letter to Montgomery explaining,

I am faxing you the
signed contract for sale of the property at 5916 Osprey Court but this is sent
to you in trust; and delivery is not to be considered complete unless and until
[his ex-wife] has signed a copy of this letter below and faxed it to my
attorney to indicate her agreement that upon closing of the sale, she will also
execute and deliver a quit-claim deed to my mother, with respect to her
interest in the [Jenkins Street property]. 
I will not seek or receive any proceeds from the sale; and if the sale
does not close, the agreement to sign and deliver the quit-claim deed is null
and void.








Despite
her receipt of this letter, Montgomery delivered the sales contract
unconditionally to Chafin=s ex-wife, and the sale closed
without further participation by Chafin.

Chafin
sued Montgomery and her sponsoring broker, NRT Texas, Inc. d/b/a Coldwell
Banker Residential Brokerage, for fraud, statutory fraud, and breach of
fiduciary duty.  Appellees moved for
summary judgment on the sole ground that

Plaintiff is complaining
that property in which he was divested of title in his divorce proceeding sold
without his signature.  Since the Divorce
Decree divested Plaintiff of all interest in the property, his signature was
not needed on any contracts of sales, listing agreements or deeds.  Additionally, Plaintiff contends that he only
signed a contract of sale with the expressed stipulation that his ex-wife would
quit claim her interest in another piece of property that was previously
community property of the Plaintiff and his ex-wife, 4509 Jenkins Street, The
Colony Texas.  However, the Divorce
Decree also divested his ex-wife of any right, title, claim and interest in
that property and therefore he was asking for an action that had already been
done.

 








Thus,
apparently, Appellees contend that via proof of the property awards set forth
in the agreed decree of divorce, they have conclusively negated an essential
element of each of Chafin=s causes of action against
them.  See, e.g., IHS Cedars
Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004) (explaining that a defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim); see also Tex. R. Civ. P.
166a(b), (c).

But
Appellees= motion for summary judgment
does not set forth which specific elements of Chafin=s causes
of action for fraud, statutory fraud, and breach of fiduciary duty they
purportedly have negated.  Nor does
Appellees= five-page appellate brief
clarify the specific basis for their summary judgment motion.  Instead, Appellees again simply argue, A[t]he
Divorce Decree as a matter of law divested [Chafin=s
ex-wife] of her interest in the Jenkins property and divested Chafin of his
interest in the Osprey Court property and therefore the trial court correctly
granted summary judgment.@ 
Appellees= brief fails to respond to the
merits of Chafin=s complaints concerning the lack
of summary judgment evidence conclusively negating any of the elements of his
causes of action and instead asserts that this court should ignore all of the
arguments in Chafin=s brief because he did not
present them to the trial court. 








Chafin
explains that the dispute is over the $10,000 payment that the decree required
him to make to his ex-wife for her equity in the Jenkins Street property, not
over the property division set forth in the decree.  And Appellees=
contention that we should ignore Chafin=s
arguments because they were not presented to the trial court misplaces the
summary judgment burden of proof. 
Appellees, as the summary judgment movants, bore the burden to
conclusively negate an essential element of each of Chafin=s causes
of action against them and to show their entitlement to judgment as a matter of
law.  See Sw. Elec. Power Co., 73
S.W.3d at 215.  Chafin possessed no
burden to even file a response until Appellees met their burden.  See Castillo v. Westwood Furniture, Inc.,
25 S.W.3d 858, 860 (Tex. App.CHouston
[14th Dist.] 2000, no pet.).  As we have
explained, Appellees have not met their burden. 
See, e.g., id. at 860-63 (holding that defendant was not entitled
to summary judgment where it failed to meet its summary judgment burden by
offering proof conclusively negating any element of plaintiff=s cause
of action); Mid S. Constructors, L.C. v. Malone Mortg. Co. Am., Ltd.,
No. 05-01-00245-CV, 2002 WL 851739, at *2 (Tex. App.CDallas
May 6, 2002, no pet.) (not designated for publication) (holding that defendant
was not entitled to summary judgment where it was unclear what elements its
motion attacked and, notwithstanding the lack of clarity, nevertheless failed
to conclusively negate any elements of plaintiff=s cause
of action or establish an affirmative defense). 
Accordingly, the burden never shifted to Chafin.

We
sustain Chafin=s sole issue and reverse the trial
court=s
summary judgment.  We remand this case to
the trial court.

 

                SUE WALKER

                JUSTICE

                                        

PANEL B: LIVINGSTON,
WALKER, and MCCOY, JJ.








DELIVERED: May 17, 2007











[1]See Tex. R. App. P. 47.4.





[2]Montgomery is Chafin=s ex-wife=s sister.