COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-340-CV

JAMES DALE CHAFIN APPELLANT

 V.

STACEY MONTGOMERY AND APPELLEES

NRT TEXAS, INC. D/B/A COLDWELL

BANKER RESIDENTIAL BROKERAGE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

In a single issue, Appellant James Dale Chafin challenges the take-nothing summary judgment entered against him on his claims for fraud, statutory fraud, and breach of fiduciary duty against Appellees Stacey Montgomery and NRT Texas, Inc. d/b/a Coldwell Banker Residential Brokerage.  Because Appellees failed to conclusively negate an essential element of any of Chafin’s claims against them, we will reverse the summary judgment and remand this case to the trial court.

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

Chafin and his wife divorced in 2004.  The division of the marital estate in the agreed final decree of divorce provided that Chafin would receive the couple’s interest in a house that the couple owned with Chafin’s mother (“Jenkins Street property”) and that Chafin’s wife would receive the couple’s interest in the house that they occupied (“Osprey Court property”).  The decree ordered, however, that the Osprey Court property “shall be sold under the following terms and conditions.”  The conditions required, in part, that the Osprey Court property was to be listed with a duly licensed real estate broker, that “[t]he property shall be sold for a price that is mutually agreeable to Petitioner and Respondent,” and that the net sales proceeds from the Osprey Court property were to be divided equally between the parties except that Chafin is required to pay $10,000 to his ex-wife out of his share of the proceeds “for her portion of equity in the [Jenkins Street] property.”  The decree required Chafin’s ex-wife to “make all payments of principal, interest, taxes, and insurance on the [Osprey Court] property during the pendency of the sale” and gave her the exclusive right to use and possess the Osprey Court property until closing.  Likewise, the decree’s award of the Jenkins Street property to Chafin was made “subject to payment of the sum of $10,000 [to Chafin’s ex-wife] upon the sale of the [Osprey Court property] for her portion of equity in this real property.” 

Chafin and his ex-wife agreed to list the Osprey Court property with real estate agent Stacey Montgomery; Montgomery’s sponsoring broker was NRT Texas, Inc. d/b/a Coldwell Banker Residential Brokerage.
(footnote: 2)  While Chafin’s ex-wife was in sole possession of the Osprey Court property, she refinanced the property, increasing the debt on the property and reducing the equity.  Montgomery located a buyer for the property and presented a sales contract to Chafin.  When Chafin saw the offered purchase price, he realized that—in light of the reduced equity in the property based on the refinancing—his half of the net proceeds from the sale might not be enough to satisfy his obligation to pay his ex-wife $10,000 out of his part of the proceeds as payment for her equity in the Jenkins Street property.  Accordingly, Chafin wrote a letter to Montgomery explaining,

I am faxing you the signed contract for sale of the property at 5916 Osprey Court but this is sent to you in trust; and delivery is not to be considered complete unless and until [his ex-wife] has signed a copy of this letter below and faxed it to my attorney to indicate her agreement that upon closing of the sale, she will also execute and deliver a quit-claim deed to my mother, with respect to her interest in the [Jenkins Street property].  I will not seek or receive any proceeds from the sale; and if the sale does not close, the agreement to sign and deliver the quit-claim deed is null and void.

Despite her receipt of this letter, Montgomery delivered the sales contract unconditionally to Chafin’s ex-wife, and the sale closed without further participation by Chafin.

Chafin sued Montgomery and her sponsoring broker, NRT Texas, Inc. d/b/a Coldwell Banker Residential Brokerage, for fraud, statutory fraud, and breach of fiduciary duty.  Appellees moved for summary judgment on the sole ground that

Plaintiff is complaining that property in which he was divested of title in his divorce proceeding sold without his signature.  Since the Divorce Decree divested Plaintiff of all interest in the property, his signature was not needed on any contracts of sales, listing agreements or deeds.  Additionally, Plaintiff contends that he only signed a contract of sale with the expressed stipulation that his ex-wife would quit claim her interest in another piece of property that was previously community property of the Plaintiff and his ex-wife, 4509 Jenkins Street, The Colony Texas.  However, the Divorce Decree also divested his ex-wife of any right, title, claim and interest in that property and therefore he was asking for an action that had already been done.

Thus, apparently, Appellees contend that via proof of the property awards set forth in the agreed decree of divorce, they have conclusively negated an essential element of each of Chafin’s causes of action against them.  
See, e.g.
, 
IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004) (explaining that a defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim)
; 
see also
 
Tex. R. Civ. P.
 166a(b), (c).

But Appellees’ motion for summary judgment does not set forth which specific elements of Chafin’s causes of action for fraud, statutory fraud, and breach of fiduciary duty they purportedly have negated.  Nor does Appellees’ five-page appellate brief clarify the specific basis for their summary judgment motion.  Instead, Appellees again simply argue, “[t]he Divorce Decree as a matter of law divested [Chafin’s ex-wife] of her interest in the Jenkins property and divested Chafin of his interest in the Osprey Court property and therefore the trial court correctly granted summary judgment.”  Appellees’ brief fails to respond to the merits of Chafin’s complaints concerning the lack of summary judgment evidence conclusively negating any of the elements of his causes of action and instead asserts that this court should ignore all of the arguments in Chafin’s brief because he did not present them to the trial court. 

Chafin explains that the dispute is over the $10,000 payment that the decree required him to make to his ex-wife for her equity in the Jenkins Street property, not over the property division set forth in the decree.  And Appellees’ contention that we should ignore Chafin’s arguments because they were not presented to the trial court misplaces the summary judgment burden of proof.  Appellees, as the summary judgment movants, bore the burden to conclusively negate an essential element of each of Chafin’s causes of action against them and to show their entitlement to judgment as a matter of law.  
See Sw. Elec. Power Co.
, 73 S.W.3d at 215.  Chafin possessed no burden to even file a response until Appellees met their burden.  
See Castillo v. Westwood Furniture, Inc.
, 25 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  As we have explained, Appellees have not met their burden.  
See, e.g., id.
 at 860-63 (holding that defendant was not entitled to summary judgment where it failed to meet its summary judgment burden by offering proof conclusively negating any element of plaintiff’s cause of action); 
Mid S. Constructors, L.C. v. Malone Mortg. Co. Am., Ltd.
, No. 05-01-00245-CV, 2002 WL 851739, at *2 (Tex. App.—Dallas May 6, 2002, no pet.) (not designated for publication) (holding that defendant was not entitled to summary judgment where it was unclear what elements its motion attacked and, notwithstanding the lack of clarity, nevertheless failed to conclusively negate any elements of plaintiff’s cause of action or establish an affirmative defense).  Accordingly, the burden never shifted to Chafin.

We sustain Chafin’s sole issue and reverse the trial court’s summary judgment.  We remand this case to the trial court.

 SUE WALKER

 JUSTICE

 

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: May 17, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Montgomery is Chafin’s ex-wife’s sister.