**Evelyn HOPPER, Appellant,**

v.

**J. C. PENNEY COMPANY, Appellee.**

**No. 16454.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 11, 1963.

Rehearing Denied Nov. 8, 1963.

Crumley & Hooper, R. E. Rouer and W. M. Murphy, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, David O. Belew, Jr., and Sloan B. Blair, Fort Worth, for appellee.

MASSEY, Chief Justice.

Plaintiff Evelyn Hopper, a feme sole, brought suit for personal injuries against J. C. Penney Company, alleging personal injuries proximately caused as the result of the condition of stairs on which she fell. Trial was to a jury, but upon the conclusion of plaintiff's case an instructed verdict was directed and judgment thereon entered that plaintiff take nothing. An appeal was taken, hence the matter before us.

Judgment affirmed.

It is manifest that in negligence cases of this character, as in negligence cases generally, proof of proximate causation is an absolute prerequisite to recovery. See 64 A.L.R.2d p. 398, et seq., Annotation: "Liability of proprietor of store, office, or similar business premises for injury from fall due to defect in stairway," and p. 451, et seq., § 13, "(Proximate cause) Generally; causation sufficiently shown." In same volume see also page 335, et seq., Annotation: "Liability of proprietor of store, of-

fice, or similar business premises for injury from fall due to defect in floor or floor covering", and p. 377, et seq., § 15, "(Proximate cause) Generally; causation sufficiently shown."

In the instant case we are convinced that the plaintiff failed to introduce evidence sufficient to raise an issue of fact upon the matter of whether the defendant's dereliction of duty, if any, amounted to a proximate cause of the injuries which were sustained by her.

Immediately prior to and at the time of plaintiff's accident she was on the landing at the top of some stairs in defendant's retail mercantile establishment, preparing to descend or in the act of descending the same. The point at which plaintiff was located at the time was such that she would have been near the left-hand portion of the stairway, as she descended, so that if she used the handrail she would have placed her left hand thereon.

The handrail is at a level 30 inches above the outer edge of each step of the stairs. The width of each step is 10¼ inches, and each riser is 7 inches. The handrail is more or less what is now termed an obsolete type, in that it does not extend to a point where it can be grasped conveniently by a person while standing on the landing at the top of the stairs preparatory to a descent. The handrail begins some three inches therefrom (toward the descending stairway), where it enters the side of an upright post that supports and holds the handrail. The post holding the same rises several inches above the railing. Therefore, the plaintiff, desiring to descend these stairs on the left side, and furthermore desiring to support herself in so doing by grasping the handrail with her left hand, necessarily had to reach forward and downward and around the post in order to grasp the same before stepping onto the first step below the landing.

There was a person accompanying plaintiff at the time of her accident, but this person was to her right and had apparently started down the stairs before the plaintiff fell for she did not see the accident occur. The first this person knew of the event was when plaintiff had already fallen, as she tumbled down the stairs. There was a complete absence of any evidence that any other person had ever fallen in this portion of defendant's store, or on the stairs. There was evidence that plaintiff had theretofore used them. There was no proof apparent from physical evidence immediately after plaintiff's fall which revealed the occasion for her accident, and the physical situation of the stairs, including the handrail, was the same immediately afterward as before the accident. We are therefore confined to the testimony of the plaintiff herself as to the occasion for her fall, i. e., the proximate cause thereof.

Plaintiff admitted that she did not know what caused her to fall. Her last recollection of any event prior to her accident was that she was on the landing at the top of the stairs, reaching forward and downward with her left hand to grasp the handrail to her left at which time she either had both her feet still on the landing or had one foot stepping out and down toward the first step. After that moment she remembers only that she was in the act of tumbling down the stairs, or had come to a stop at the bottom, after tumbling down, with complete inability to recall what occurred in the intervening period. In other words, we are left to speculate whether her hand failed to reach the handrail toward which she was reaching, or grasped the same only to have her hand slip; whether she missed the first step or stepped thereupon only to have her foot slip, her ankle turn, her heel or toe to catch in some obstruction, etc. Therefore plaintiff failed to show any causal connection with the negligence or dereliction in duty on the part of the defendant, if any. The evidence proves only the fact of her accident, not the cause. In such a case a plaintiff cannot be said to have made out a prima facie case. Houston Nat. Bank v. Adair, 1948, 146 Tex. 387, 207 S.W.2d 374. Unlike the situation in J. Weingarten, Inc.

v. Brockman, (1940) 134 Tex. 451, 135 S.W. 2d 698, opinion adopted, there is no room in this case for any legitimate inference of proximate cause.

Independently, even assuming for the purpose of our discussion that defendant was in fact negligent in permitting the handrail to exist in the condition aforedescribed, and that it amounted to a proximate cause, we are of the opinion that defendant was furthermore entitled to prevail under the "no duty" doctrine. On the trial plaintiff concentrated her efforts to make out a prima facie case on the condition, location, and construction of the handrail.

We deem an affirmative defense under the doctrine to have been adequately invoked by the defendant within the provisions of Texas Rules of Civil Procedure 94, "Affirmative Defenses", under its allegations that the condition of the stairs was open and obvious and that if plaintiff had been exercising ordinary care for her own safety the event would not have occurred. It is evident that any dangers existent in connection with the handrail were open and obvious and furthermore that plaintiff did discover and was aware thereof immediately prior to the occurrence of the accident. One meaning of the "no duty" doctrine is that if an invitee on the premises, having knowledge of the dangers thereon, exposes himself to them, he must take the premises as he finds them and there is no duty on the owner to protect him even by the use of reasonable precautions to eliminate the hazards. Robert E. McKee, General Contractor v. Patterson, 1954, 153 Tex. 517, 271 S.W.2d 391. See also Natalie K. Halepeska v. Callihan Interests, Inc., 6 Texas Supreme Court Journal, August 3, 1963, pp. 644, 652, in which there is a more detailed elaboration of the rule than stated in the McKee case, and in which is disapproved a small though important part of the law as announced in McKee.

Defendant has additional points of error based upon the trial court's exclusion of certain photographs of other stairs and stairways on the defendant's premises but at locations other than the point of plaintiff's accident. As evidenced by proof introduced for purposes of plaintiff's bills of exceptions, it is obvious that the stairs and stairways sought to be shown in the excluded photographs were of much more modern design than the stairs upon which plaintiff fell, and embodied safety features which were non-existent in the latter. Actually, the question would relate to negligence of the defendant, not to the matter of proximate cause, and its resolution could not effect our disposition of the case. Nevertheless we will discuss it.

Plaintiff's contention upon the admissibility of the photographs into evidence is clearly set forth in her counsel's argument to the trial court as reflected in her brief: "Your Honor, the position of the defendant seems to be that the stairway in question is not hazardous. Our position is that there are other stairways maintained by the defendant in the same store, or in the same building, which contain certain features which are not contained in the stairway in question, and this constitutes an admission by the defendant and that the action and/or conduct by the defendant constitutes an act of negligence, and that such conduct and acts of the defendant is, therefore, an admission and is admissible. It is our position that there being certain features which are in the second stairway which are not contained in the stairway in question, * * or the stairway in question here, is not all that it should be, and it goes to show that it is feasible and practicable to build the stairway in question with features which will eliminate the hazard, which we maintain was in the stairway in question. Now, the area is not similar in the stairway, * * * and the purpose of this is to show they were not prevented from making repairs to the stairway in question which would prevent further accidents and we think we should be permitted to present evidence to show that they were not prevented from making repairs to the stairway in question before this accident ever occurred."

■■ The proffered evidence was properly excluded. The fact that a party maintains several facilities serving the same purpose, some of which have features not found in others, is not proof that the latter are dangerous or hazardous, nor do such circumstances constitute any admission by such a party. A defendant should not be subjected to having the most lately constructed or the most efficiently constructed stairway on his premises treated as the proper, or the norm, with older or other less efficiently constructed stairways deemed to be unsafe, dangerous, or negligently maintained merely because they are not on a parity. To have permitted the evidence before the jury would have invited it to make this character of comparison. This would have amounted to the trial of an issue upon the question of which of the stairways on the defendant's premises were the safe and which the unsafe, rather than a trial in which the issue was upon the question of defendant's negligence in relation to the stairway where the plaintiff fell. Furthermore it would have unfairly exposed the defendant to improper prejudice by the jury because all the stairways on its premises were not identical.

■ We see no distinction to be made from the question of admissibility of evidence of repairs or improvements, or additional precautions taken, subsequent to the occurrence of an accident. Generally on the issue of negligence such evidence should be excluded on the ground of public policy. There are exceptions to this rule of exclusion. Where the same evidence becomes relevant to other issues in the case it would be admissible. The test thereupon to be applied is whether the fact such evidence would reflect would be merely remotely probative. If the remoteness is too great to justify its admission, considering that it was not admissible on the issue of negligence, it should be excluded. The trial court, in the exercise of sound discretion, correctly ruled the evidence inadmissible. Roosth & Genecov Production Co. v. White, 1953, 152 Tex. 619, 262 S.W.2d 99; St. Louis A. & T. Ry.

Co. v. Johnston, 1890, 78 Tex. 536, 15 S.W. 104.

Stephenville, N. & S. T. Ry. Co. v. Schrank, 1915 (Tex.Civ.App., Austin), 175 S.W. 471 was cited by McCormick & Ray, Texas Law of Evidence, 1937, p. 649, "Exceptions to Hearsay Rule—Admissions", § 503, "Subsequent Repair or Precaution" as authority for a statement that it was proper to permit a plaintiff to show that defendant has substituted a different kind of appliance at another place as evidence that the one in question was admitted to be defective. Our interpretation of the holding in the case was that the evidence was deemed admissible because its probative effect was to establish that the appliance was admitted to be insufficient to accomplish its intended purpose, to-wit: to keep livestock from getting on the railroad tracks. Even so, we believe the decision of the case on such point is effectively nullified by subsequent decisions.

Judgment is affirmed.