**Thelma HARWOOD and Reuben Kogut, Individually and as Joint Administrators of the Estate of Dora Kogut, Appellants,**

**v.**

**HINES INTERESTS LIMITED PARTNERSHIP, Appellee.**

No. 01–01–00963–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 21, 2002.

Craig R. Keener, Houston, for Appellants.

Michael W. Magee, Hays, McConn, Rice & Pickering, Houston, for Appellee.

Panel Consists of Justices COHEN, WILSON, and NUCHIA.

MURRY B. COHEN, Justice.

## OPINION

Appellants, Thelma Harwood and Reuben Kogut, individually and as joint administrators of the Estate of Dora Kogut (together, "the Koguts"), sued appellee, Hines Interests Limited Partnership ("Hines"), on the theory of premises liability. The trial judge granted Hines's summary judgment motion and dismissed the Koguts' case against Hines with prejudice. We reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

On May 1, 1998, Dora Kogut, who was 89 years old and "legally blind" in one eye, was shopping at the Galleria with her daughter, Thelma Harwood. After shopping, Harwood and Dora Kogut went to the parking lot to leave. Dora Kogut was holding on to Harwood's arm as they were walking. Dora Kogut fell as she crossed over a curb in the parking lot. The curb was not marked, and several lights in the garage were out. Dora Kogut told her son, Reuben Kogut, that she fell because she could not see the curb.

Hines's agent, Kristin Towns Wells, managed the area where Dora Kogut fell. Wells knew that the Galleria's invitees included elderly people and people with impaired sight. Wells knew that good lighting was important for safety and that a dimly lit garage with curbs could be dangerous. According to Wells, Hines had an unwritten policy requiring its employees to check the garage daily to replace burned-out bulbs. No evidence showed that the unwritten policy was carried out on the day of the accident, on the day before, or on any other day.

Wells knew that changes in a floor's elevation posed a hazard to Hines's clientele. She knew that people needed to know of changes in a floor's elevation. Hines had trained its employees that uneven surfaces posed a hazard. The area where Dora Kogut fell was not ADA-compliant. Hines knew that curbs should be easily visible and that an unseen curb risked harm. At Wells's deposition, appellants showed her a photograph of the curb over which Dora Kogut fell. Even though the photograph was taken with a flash camera, Wells admitted she could not see the curb in the photograph and understood how Dora Kogut would not have seen the curb if it had appeared that way on May 1, 1998. Wells testified there were other entrances and safer curbs on the property that were better marked and more visible.

Hines moved for a rule 166a(c) and 166a(i) summary judgment on two elements of premises liability: (1) Hines did not have actual or constructive knowledge that the curb constituted a dangerous condition and (2) the curb was not the proximate cause of Dora Kogut's injuries. Tex. R.App. P. 166a(c), 166a(i). The trial judge granted Hines's motion, rendered a take-nothing judgment, and severed Hines from the lawsuit.

## Analysis

In their sole point of error, the Koguts contend that the trial judge erred in granting Hines's summary judgment motion. Because the trial judge did not specify her grounds, we will affirm if any ground had merit. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993).

### Rule 166a(i) Summary Judgment

▇▇▇ We review a "no-evidence" summary judgment motion in the light most favorable to the non-movant. Here, we consider the Koguts' evidence as true and resolve any doubts in their favor, while disregarding all evidence and inferences to the contrary. *See* Tex.R. Civ. P. 166a(i); *Jones v. Bank United of Texas, FSB*, 51 S.W.3d 341, 343 (Tex.App.-Houston [1st Dist.] 2001, pet. denied).

To defeat a no-evidence motion under 166a(i), the Koguts had to raise a fact issue that (1) Hines had actual or constructive knowledge of the condition; (2) the condition posed an unreasonable risk of harm; (3) Hines did not exercise reasonable care to reduce or eliminate the risk; and (4) Hines's negligence proximately caused Dora Kogut's injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992).

### *Actual or Constructive Knowledge*

Wells testified that both the curb and the cement floor surrounding it on all sides were the same color and were not marked for increased visibility, that other Galleria entrances were marked to show changes in floor elevation, and that other curbs at the Galleria were safer than this one. A reasonable inference from this testimony is that this curb and the floor were allowed by Hines to continue with this one-color scheme, while other curbs and floors were chosen to be made safer. Viewing this evidence in the light most favorable to the Koguts, and disregarding all contrary evidence and inferences, we hold that more than a scintilla of evidence was brought forth regarding whether Hines had actual or constructive knowledge of the curb's dangerous condition.

### *Proximate Cause*

Harwood testified her mother fell as they crossed the curb because her mother could not see the curb. Dora Kogut told her son, Reuben Kogut, she fell because she did not see the curb. Viewing Harwood's and Reuben Kogut's testimony and all inferences from their testimony in the light most favorable to the Koguts, it is more than a scintilla of evidence that the curb caused Dora Kogut's fall.

We conclude the summary judgment was not justified under rule 166a(i).

### Rule 166a(c) Summary Judgment

▇▇▇ When reviewing a summary judgment, we follow these rules: (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. *See American Tobacco,*

*Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997).

■ Dora Kogut was an invitee. *See Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975) (defining invitee as one who enters the property of another "with the owner's knowledge and for the mutual benefit of both"). "A land owner owes invitees a duty to exercise ordinary care to protect them from not only those risks of which the owner is actually aware, but also those risks of which the owner should be aware after reasonable inspection." *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex.1996).

### Proximate Cause

■ Hines contends the circumstantial evidence in this case does not support an inference that the curb caused Dora Kogut's fall. We disagree. Circumstantial evidence may prove a material fact, but it must transcend mere suspicion, and the material fact must be a reasonable inference from the known circumstances. *Lozano v. Lozano,* 52 S.W.3d 141, 149 (Tex. 2001) (Phillips, C.J., concurring and dissenting; plurality of five of seven justices). Wells's, Harwood's, and Reuben Kogut's deposition testimony shows that (1) the elderly and the infirm are expected in the Galleria, (2) many Galleria curbs are better marked than this curb,[1] (3) the color of the curb and the surrounding floor was the same, (4) some lights were out, and (5) Kogut fell crossing the curb because she did not see it. These facts give rise to a reasonable inference that the curb's condition proximately caused Dora Kogut's fall.

Hines relies on *Hopper v. J.C. Penney Co.,* which we consider distinguishable. 371 S.W.2d 750, 752–53 (Tex.Civ.App.-Fort Worth 1963, writ ref'd n.r.e.). In *Hopper,* the plaintiff did not know why she fell. *Id.* In contrast, Dora Kogut told her son Reuben that she did not see the curb, which, along with the evidence about lighting, about floor color scheme, and about absence of markings, allows an inference that the curb was not properly marked and that the change of elevation was not discernible.

We hold that the evidence, taken together in the appropriate light, raises a fact issue as to whether Dora Kogut's fall was proximately caused by the curb.

### Actual or Constructive Knowledge

Hines points to its unwritten policy of inspecting the garage's lighting and conditions, but Hines presented no evidence the policy was followed, and in any event, the applicable standard of review requires us to disregard all evidence favorable to the movant. *See Grinnell,* 951 S.W.2d at 425. Wells testified she knew of different, safer entrances where curbs were more visible than this one because they had elevation-change markings. Because it was Wells's job to know and manage these risks and because Wells knew of the different types of entrances and the markings at each of them, it is reasonable to infer that Hines (through Wells) should have known of the condition at this particular entrance.

Taking all of the Koguts' summary judgment evidence as true, indulging every reasonable inference in the Koguts' favor, disregarding all evidence and all inferences favoring Hines, and resolving all doubts in favor of the Koguts, we hold that Hines did not prove as a matter of law that there was no genuine issue of material fact on proximate cause or actual or constructive knowledge.

1. Many of the marked curbs at the Galleria are ADA-compliant entrances, and others are marked with lines for visibility. This curb was neither.

We sustain the Koguts' sole point of error.

We reverse the judgment and remand the cause.