# NO. 12-14-00010-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARY HALL,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *RALPH & KACOO'S OF LUFKIN,*<br>*TEXAS D/B/A GREAT TEXAS FOODS*<br>*CORP., D/B/A BRAZOS CATTLE CO.,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mary Hall appeals the trial court's order granting two motions for summary judgment filed by Ralph & Kacoo's of Lufkin, Texas d/b/a Great Texas Foods Corp., d/b/a Brazos Cattle Co. In two issues, Hall contends both grants of summary judgment were erroneous. We affirm.

### BACKGROUND

On January 23, 2010, Mary Hall arrived at Ralph & Kacoo's restaurant in Lufkin to celebrate her seventy-fifth birthday with family and friends. As she entered the restaurant, she fell, landing on "a good size mat" that was approximately 4x6. In the fall, she broke the femur in her left leg. Since the fall, Hall has been unable to walk without the aid of a walker. She sued Ralph & Kacoo's for damages resulting from the fall.

Two years after the suit was filed, Hall's deposition was taken. She was asked if she had seen anything on the mat before she fell. She answered "No." She also testified that she had not seen anything abnormal with the mat before her fall and that she did not remember how it was laying.

Later in Hall's deposition, the following dialogue occurred:

Q:     After you fell, did you see anything that you said "That's what caused me to fall[?"]

A:     No.

Q:     All right. To this day, do you know why you fell?

A:     No.

Based on this deposition testimony, Ralph & Kacoo's filed a no evidence motion for summary judgment alleging there is no evidence that (1) Hall tripped or slipped and fell as a result of an unsafe condition; (2) the condition that allegedly caused Hall's fall posed an unreasonable risk of harm; or that (3) Ralph & Kacoo's knew or should have known of the alleged condition that caused Hall's fall. Hall filed a response to which she attached affidavits of three friends to address the causation issue raised by Ralph & Kacoo's in its motion for summary judgment.[1] As pertinent to the issue of causation, the affidavits state as follows:

> **Mary Hudson** – "I entered the restaurant just after Mary Hall fell to the ground. . . . There was an edge around that mat that looked to be made of rubber and it was wavy and raised up. The raised up edges on the mat caught Mary Hall's foot and caused her to fall."
>
> **Paul Hudson** – "I was walking into the restaurant just ahead of my wife, Mary Hudson, and I saw Mary Hall on the ground. Mary Hall fell forward and landed on the far side of the floor mat and I believe she clipped her toe on the edge of the mat as she walked into the restaurant."
>
> **Paula Richey** – "While I did not see Mary Hall fall, I did observe she was laying on a mat just inside the door. The mat appeared to be old and curled up around the edges. The mat was not laying flat, it had buckles in it. The mat appeared to be well worn and it was definitely not new. I believe the poor condition of the mat and the curled up edges caused Mary Hall to trip and fall."

Before Hall filed her response to Ralph & Kacoo's no evidence motion for summary judgment, she filed "Plaintiff's First Amended Original Petition" alleging that Ralph & Kacoo's had spoliated evidence by not preserving the mat or taking pictures of it at the time of her fall.

---

[1] Also attached to Hall's response was the affidavit of her daughter, Donna Lee Hall. Donna stated that she was present when her mother fell, but did not say she saw her trip on the mat. She said only that "[t]he mat was not smooth and flat to the ground[,]" and that "[i]t had some buckles and waves in a couple of places."

Ralph & Kacoo's then filed a combined traditional and no evidence motion for summary judgment on the spoliation issue.

The trial court granted Ralph & Kacoo's no evidence motion for summary judgment on Hall's premises liability claim and its combined traditional and no evidence motion for summary judgment on the spoliation issue. Hall timely filed this appeal.

## NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

In her first issue, Hall argues that the trial court erred in granting Ralph & Kacoo's no evidence motion for summary judgment on her premises liability claim.

### Standard of Review

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmovant lacks supporting evidence for one or more essential elements of its claim. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Fraud-Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 374 (Tex. App.—Fort Worth 2003, pet. denied).

Once a no evidence motion has been filed, the burden shifts to the nonmovant to present more than a scintilla of probative evidence to raise a genuine issue of material fact supporting each element challenged in the motion. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). More than a scintilla of evidence exists when reasonable and fair minded individuals could differ in their conclusions. *Forbes, Inc. v. Granada Biosciences, Inc*., 124 S.W.3d 167, 172 (Tex. 2003). When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

A no evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id.* at 751. The trial court must grant the motion if the

nonmovant fails to produce summary judgment evidence that raises a genuine issue of material fact on the elements of its claim that the movant has challenged. ***Weech v. Baptist Health Sys.***, 392 S.W.3d 821, 824 (Tex. App.–San Antonio 2012, no pet.). If the trial court has granted summary judgment without specifying the ground or grounds relied on for the ruling, the summary judgment will be affirmed on appeal if any of the theories advanced is meritorious. ***State Farm Fire & Cas. Co. v. S.S.***, 858 S.W.2d 374, 380 (Tex. 1993).

## Premises Liability

Both parties agree that Hall was Ralph & Kacoo's invitee. As an invitee, Ralph & Kacoo's owed Hall a duty to exercise reasonable care to protect her from dangerous conditions in the restaurant known or discoverable to it. *See **Wal-Mart Stores, Inc. v. Gonzalez***, 968 S.W.2d 934, 936 (Tex. 1998). However, a premises owner's duty toward its invitee does not make it an insurer of the invitee's safety. ***Id***. To recover damages on a premises liability claim, the invitee must prove the following elements:

(1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

***CMH Homes, Inc. v. Daenen***, 15 S.W.3d 97, 99 (Tex. 2000).

Once Ralph & Kacoo's filed its no evidence motion for summary judgment, Hall had the burden to produce evidence raising a genuine issue of material fact regarding what caused her fall. Hall testified that she did not know what caused her fall. In their affidavits, each of her three friends stated his or her opinion that the condition of the mat caused the fall, but none of the affiants said they actually saw what caused the fall. Hall herself testified that others with her at the restaurant saw her laying on the mat after she fell, but none saw what caused her to fall. Because none of the three affiants had personal knowledge of what caused the fall, they could only speculate. Speculation is of no evidentiary value. *See **Gonzalez***, 968 S.W.2d at 937-38; *see*

*also* ***W. Invs., Inc. v. Urena***, 162 S.W.3d 547, 551 (Tex. 2005) (holding that proximate cause cannot be established by mere conjecture, guess, or speculation). When a plaintiff who does not know what caused her fall is accompanied by others who did not actually see her fall, there is no evidence of causation for the fall. See ***Hopper v. J.C. Penney Co***., 371 S.W.2d 750, 752 (Tex. Civ. App.—Fort Worth 1963, writ ref'd n.r.e.).

We hold that Hall has not raised a genuine issue of material fact on whether she tripped or slipped and fell as a result of an unsafe condition at Ralph & Kacoo's restaurant. Therefore, the trial court did not err in granting Ralph & Kacoo's no evidence motion for summary judgment on Hall's premises liability claim. Hall's first issue is overruled.

## CONCLUSION

Having determined that the trial court properly granted a no evidence summary judgment on Hall's premises liability claim, we need not reach her remaining issue challenging the summary judgment granted by the trial court on the spoliation issue. *See* TEX. R. APP. 47.1.; *see also* ***Parker v. Valerus Compression Servs., LP***, 365 S.W.3d 61, 65 (Tex. App.–Houston [1st Dist.] 2011, pet. denied). We ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-14-00010-CV**

**MARY HALL,**
Appellant
V.
**RALPH & KACOO'S OF LUFKIN, TEXAS**
**D/B/A GREAT TEXAS FOODS CORP.,**
**D/B/A BRAZOS CATTLE CO.,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CV-00396-11-03)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **MARY HALL**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*