# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00670-CV

**Susan Aranda, Appellant**

**v.**

**The Willie Limited Partnership d/b/a Antler Mini Storage, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-13-000525, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Susan Aranda appeals the trial court's final summary judgment in favor of The Willie Limited Partnership d/b/a Antler Mini Storage (Antler) on her premises-liability and negligence per se claims seeking damages for personal injuries she suffered when she allegedly tripped and fell on an unsafe step into a storage unit. She contends that material fact issues exist on the challenged elements of (1) Antler's actual or constructive knowledge of the unsafe conditions, (2) an unreasonable risk of harm posed by the conditions, (3) Antler's failure to exercise reasonable care in reducing or eliminating the risk, and (4) the proximate cause of her injuries. *See Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014) (per curiam) (listing elements of premises-liability claim that invitee must prove). We will affirm the trial court's summary judgment.

## BACKGROUND

Aranda filed a lawsuit against Antler alleging that she sustained serious personal injuries when she tripped and fell on an unmarked "lip" or "ledge" at the entrance to the storage unit she was renting from Antler. Her petition asserted causes of action in negligence and negligence per se. Specifically, she alleged that the step and entrance into the storage unit failed to comply with applicable building codes and was poorly lit, creating an unreasonable risk of harm to business invitees such as herself, and that Antler failed to exercise ordinary care in reducing or eliminating the risk of harm, proximately causing her injuries.

After a sufficient time for discovery had elapsed, Antler filed a combined traditional and no-evidence motion for summary judgment asserting, among other contentions, that Aranda could produce no evidence supporting four elements of her premises-liability claim and the causation element of her negligence per se claim. *See Missouri Pac. R.R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex. 1977) (finding of negligence per se requires showing that such negligence was proximate cause of damages). Aranda filed a response, attaching summary-judgment evidence in the form of portions of her deposition testimony and that of other witnesses as well as an expert report from a professional engineer. The trial court granted Antler's motion, and Aranda appeals.

## ANALYSIS

In her appellant's brief, Aranda cites evidence attached to her response to Antler's summary-judgment motion in support of each of the four challenged elements of her claims. The trial court did not specify any particular ground on which it relied in granting Antler's summary-judgment motion. Accordingly, we will affirm the judgment on any ground that was presented in

2

Antler's motion that is meritorious and preserved for review. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *see also* Tex. R. Civ. P. 166a(c) (summary judgment is proper when there are no disputed issues of material fact and movant is entitled to judgment as matter of law).

We will begin by reviewing the evidence in support of the challenged element of causation, the most hotly disputed issue on appeal. To support that element, Aranda cites to the following testimony in her deposition:

> I tripped on a ledge.
>
> * * *
>
> I was carrying a box about this large [indicating] and as I entered the storage room, I didn't know there was an edge there and I hit it with my right foot and tripped into the storage room with the box in my hand, and I turned to put the box down because the fall was going to be so hard that I wanted to protect my head and so I turned and just put the box into a baker's rack that had already been unpacked and I went down on my left shoulder and rolled down the embankment.
>
> * * *
>
> I was walking in there. I tripped—my right foot hit this ledge right there [indicating on photograph]. That was the trip right there and I was trying to regain some sort of balance, find something to hold onto, because I knew I was going down hard and the baker's rack was there.

However, later in the same deposition on cross-examination, Aranda conceded that she did not know at the time of her fall what caused it and only came to the conclusion that she must have tripped on the ledge upon later inspection of the storage unit a couple months later:

> Q: Do you believe it's important to tell somebody if there's a dangerous condition on their premises?
>
> [Objection omitted.]

3

A: I do, but I didn't know how or why I fell. I didn't know. It was dark.

Q: At the time you didn't know what you fell on?

A: No.

Q: When did you learn what you fell on?

A: When I came back and took those pictures.

\* \* \*

Q: Is that when you learned that there was a step there?

A: The first time after – the first time I went to the storage unit after my first surgery, which was January 21st, 2012, at the first time I was able to get up and out and into a car and go somewhere, we went back – my sister and I went back to the storage unit – I believe my ex-husband was with us too and –

Q: That's Robert?

A: Yes, Robert Aranda. And we looked and said "Oh, my gosh. No wonder you fell."

While conflicting testimony from the same witness generally creates a fact issue for the factfinder to resolve, *see Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex. 1988), Aranda's testimony on cross-examination elaborates upon rather than conflicts with her earlier testimony by clarifying that she did not know on the date in question what caused her to trip and only came to the conclusion that she must have tripped on the ledge months *after* the incident when she returned and noticed the ledge for the first time. Apart from her own speculation after the fact that she must have tripped on the ledge, there is no direct evidence that she did indeed trip on it. There is no evidence that Aranda or any of the friends accompanying her on the date in question inspected

4

the storage unit's entrance area immediately after her fall. There were no witnesses to Aranda's tripping except Aranda herself, who testified that she did not know on what she had tripped.

From the scant circumstantial evidence in the summary-judgment record, there are any number of inferences that are equally as probable as the inference that Aranda tripped on the ledge (for instance, she could have tripped on a box or other personal item temporarily placed at the entrance to the unit by one of her friends). Aranda's speculation well after the incident that she fell because of a condition on the premises does not rise above a scintilla of evidence, in the absence of other evidence supporting her causation theory. *See Hall v. Ralph & Kacoo's of Lufkin, Tex.*, No. 12-14-00010-CV, 2014 WL 4104164, at *3 (Tex. App.—Tyler Aug. 20, 2014, no pet.) (mem. op.) (affirming no-evidence summary judgment where plaintiff testified that she did not know what had caused her to fall, no one personally witnessed fall, and witnesses could only speculate about what caused plaintiff's fall); *Sweet v. Flow Force Plumbing, LLC*, No. 05-12-01688-CV, 2014 WL 1921232, at *2 (Tex. App.—Dallas May 13, 2014, no pet.) (mem. op.) (affirming no-evidence summary judgment on element of causation where plaintiff testified that he did not feel any pain in foot while showering in morning when he allegedly cut his foot on screw, did not see screw there until next day, and noticed no blood until end of day, because such circumstantial evidence could give rise to number of inferences and jury would have to speculate); *Hanson v. Greystar Dev. & Constr., LP*, 317 S.W.3d 850, 853–54 (Tex. App.—Fort Worth 2010, pet. denied) (holding that expert's simple ipse dixit is insufficient to establish matter or raise fact issue to defeat summary judgment when record is devoid of direct or circumstantial evidence or any reasonable inferences from summary-judgment evidence about how or why plaintiff fell); *Hopper v. J.C. Penney*

*Co.*, 371 S.W.2d 750, 752 (Tex. Civ. App.—Fort Worth 1963, writ ref'd n.r.e.) (affirming directed verdict where plaintiff admitted that she did not know what caused her to fall down stairs and could only remember reaching for handrail one moment and then tumbling down stairs, and no one personally witnessed plaintiff's fall).

To create a material fact issue on causation, Aranda also relies on the expert report of a professional engineer, who opined that Aranda's fall and injuries "were caused by violation of illumination, riser height, tread depth, and riser height differences required by the building codes adopted in to law." The expert explained the factual background of his opinion: "We understand that . . . Aranda stepped out of the open door of [the] storage unit [] onto the concrete tread, fell on to the asphalt pavement and was severely injured." We conclude that this report is also insufficient to create a material issue of fact on causation. First, as pointed out by Antler, the facts on which the expert relies are opposite to those testified to by Aranda: she claims to have tripped on the ledge while walking *into* the storage unit; the expert explains that she tripped while stepping *out* of the unit. More importantly, there is no evidence that the expert witnessed the incident, and his conclusion that Aranda's fall was caused by the building-code violations is not supported by any facts but is merely a conclusory statement. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (holding that affidavits consisting only of conclusions are insufficient to raise issue of fact); *Rizkallah v. Conner*, 952 S.W.2d 580, 587–88 (Tex. App.—Houston [1st Dist.] 1997, no writ) (explaining that conclusory statement in affidavit that does not provide underlying facts to support conclusion is not proper summary-judgment proof). An expert opinion must be supported by facts in evidence, not conjecture. *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 729 (Tex. 2003) (per

6

curiam). While the building-code violations may constitute negligence per se, Aranda must still establish that those violations *caused* her injury. *See id.* at 728–29 (holding that code violation, without more, did not prove that premises defect caused plaintiff's fall); *Ham v. Equity Residential Prop. Mgmt. Servs. Corp.*, 315 S.W.3d 627, 633 n.2 (Tex. App.—Dallas 2010, pet. denied) (holding that code violations would not be evidence that condition of premises caused plaintiff's injury); *McDaniel v. Continental Apts. Joint Venture*, 887 S.W.2d 167, 172 (Tex. App.—Dallas 1994, writ denied) (holding that negligence per se by code violation goes only to owner's duty, not to proximate cause).

While we must view the evidence in the light most favorable to Aranda, *see King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003), the circumstances and evidence in this record could give rise to any number of inferences, none more probable than another. *See Marathon Corp.*, 106 S.W.3d at 729. "'In cases with only slight circumstantial evidence, something else must be found in the record to corroborate the probability of the fact's existence or non-existence.'" *Id.* (quoting *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001)). Such evidence is lacking in this record. The evidence concerning the cause in fact of Aranda's fall and injuries amounts to no more than a scintilla, and a no-evidence summary judgment on the element of causation was therefore proper. *See Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.) (we will affirm no-evidence summary judgment if non-movant fails to produce more than scintilla of evidence raising genuine issue of fact as to any essential element of claim on which non-movant would have burden of proof at trial); *see also Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003) (more than scintilla of evidence exists when reasonable and fair-minded people could differ in their conclusions based on evidence).

7

Because Aranda's summary-judgment evidence failed to raise a material fact issue on the challenged element of proximate cause, summary judgment on this ground was proper. *See Means v. ABCABCO, Inc.*, 315 S.W.3d 209, 213 (Tex. App.—Austin 2010, no pet.) (noting that no-evidence summary judgment allows court to "'pierce the pleadings'" and evaluate evidence to see if there is genuine need for trial (quoting *Benitz v. Gould Grp.*, 27 S.W.3d 109, 112 (Tex. App.—San Antonio 2000, no pet.))). Accordingly, we need not reach Aranda's other issues on appeal. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We affirm the trial court's summary judgment in favor of Antler.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: June 1, 2016