**Dorothea LASTER d/b/a Hopkins-Laster Law Office, Appellant**

v.

**Sharon THOMAS, Appellee**

No. 05-15-00253-CV

Court of Appeals of Texas, Dallas.

Opinion Filed April 6, 2016

Dorothea E.H. Laster, Corinth, TX, pro se.

Janice Elaine Mosher, Dallas, TX, for Appellee.

Before Justices Lang–Miers, Evans, and Whitehill

## OPINION

Opinion by Justice Lang–Miers

This is an appeal from the dismissal of a plea in intervention. For the reasons that follow, we conclude that we lack jurisdiction and dismiss the appeal.

### Background

We limit our recitation of the facts to those necessary to the disposition of this appeal. The trial court appointed Dorothea Laster to represent Sharon Thomas (Mother) on appeal from judgments terminating Mother's parental rights to two children. The underlying factual background of the termination of parental rights cases may be found in *In re N.L.T.*, 420 S.W.3d 469 (Tex.App.–Dallas 2014, pet. denied).

Laster submitted five invoices to the trial court for payment. The invoices totaled $53,010.00 in fees and $3,313.47 in expenses. When Laster had not been paid on the first three invoices she submitted, she sent the trial court a letter complaining about the unpaid invoices. She sent a copy of the letter to the First Administrative Judicial Region Presiding Judge (Regional Presiding Judge) and the State Commission on Judicial Conduct. Later that month, the trial court approved a payment of $7,500, and Dallas County issued a check in that amount to Laster. Laster negotiated the check, writing on the back, "All rights reserved." Meanwhile, the Regional Presiding Judge wrote

Laster stating that she did not have authority to review Laster's complaint because her authority was "limited to criminal proceedings under article 26.05 of the Texas Code of Criminal Procedure." After receiving this letter and the $7,500 check from the county, Laster submitted two more invoices in this case, one in late November 2013 and one in February 2014.

In January 2014, this Court decided the appeals in the underlying termination of parental rights cases, and we reversed and remanded both cases for new trials. *Id.* On remand, Laster moved to withdraw as Mother's court-appointed attorney, citing financial reasons, and the trial court appointed a new lawyer for Mother.

In March 2014, Laster filed a petition for writ of mandamus in this Court seeking an order compelling the trial court to pay the invoices she previously submitted. We denied the petition. *See In re Laster,* No. 05–14–00388–CV, 2014 WL 1477919, at *1 (Tex.App.–Dallas Apr. 14, 2014, orig. proceeding) (mem.op.). Laster then intervened in the termination suit seeking payment of her attorney's fees. Mother moved to dismiss Laster's intervention, and the trial court granted the motion and dismissed the intervention.

After a final judgment was rendered in the termination of parental rights cases, Laster filed a notice of accelerated appeal arguing that the trial court abused its discretion by (1) failing to pay her reasonable fees for services performed in the representation of Mother on appeal and (2) dismissing her petition in intervention. Mother and the State did not file briefs.

## Discussion

Our initial inquiry is always whether we have jurisdiction over an appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). In this case, Laster seeks review of the trial court's action in approving only $7,500 in payment for her services on two appeals. We conclude that we do not have jurisdiction to hear this appeal.

The payment of court-appointed attorneys in cases seeking the termination of parental rights is pursuant to a statutory scheme. Texas Family Code § 107.015(a) states that an attorney appointed to represent an indigent parent in a suit affecting the parent–child relationship "is entitled to reasonable fees and expenses in the amount set by the court...." TEX. FAM. CODE ANN. § 107.015(a) (West 2014). The court sets the amount of reasonable fees and expenses "according to the fee schedule that applies to an attorney appointed to represent a child in a suit under Title 3 as provided by Chapter 51." *Id.* § 107.015(c). Title 3 of the Family Code is the Juvenile Justice Code. *See generally* TEX. FAM.CODE ANN. §§ 51.01–61.107 (West 2014 & Supp. 2015). Section 51.10(i) of Title 3 states that an attorney appointed to represent a child "shall be paid from the general fund of the county in which the proceedings were instituted according to the schedule in Article 26.05 of the Texas Code of Criminal Procedure, 1965." *Id.* § 51.10(i). In other words, the fee schedule that applies in termination of parental rights cases is the fee schedule referred to in the Juvenile Justice Code, which, in turn, incorporates the fee schedule contained in Article 26.05 of the Code of Criminal Procedure. *Id.* §§ 51.10(i), 107.015(c).

Article 26.05(a) states that a court-appointed attorney "shall be paid a reasonable attorney's fee for performing the following services, based on the time and labor required, the complexity of the case, and the experience and ability of the appointed counsel" including "preparation of an appellate brief and preparation and presentation of oral argument to a court of appeals...." TEX.CODE CRIM. PROC. ANN.

art. 26.05(a)(3) (West Supp.2015). Subsection (b) requires payments to the court-appointed attorney to be "in accordance with a schedule of fees adopted by formal action of the judges...." *Id.* art. 26.05(b). Subsection (c) describes what the fee schedule must state and requires the court-appointed attorney to submit a request for payment on the proper form. *Id.* art. 26.05(c). It also provides a remedy if the trial court disapproves the request for payment or fails to act on the request:

> An attorney whose request for payment is disapproved or is not otherwise acted on by the 60th day after the date the request for payment is submitted may appeal the disapproval or failure to act by filing a motion with the presiding judge of the administrative judicial region.

*Id.* And it states that "the presiding judge of the administrative judicial region shall review the disapproval of payment or failure to act and determine the appropriate amount of payment." *Id.*

Laster sought review from the Regional Presiding Judge but was told there was no authority to review the trial court's actions because the proceeding was not a criminal proceeding. However, the fee schedule statutory scheme applies to attorneys representing indigent criminal defendants, *see* TEX.CODE CRIM. PROC. ANN. art. 26.05; children in juvenile proceedings, *see* TEX. FAM. CODE ANN. § 51.10(i); and indigent parents in proceedings to terminate the parent–child relationship, *see* TEX. FAM.CODE ANN. § 107.015(c). *See also* TEX. ATT'Y GEN. OP. No. GA–0461 n.4 (2006) (stating that statute regarding compensation of court-appointed attorneys in termination of parental rights cases is governed by provision of Juvenile Justice Code which incorporates fee schedule in article 26.05 of Code of Criminal Procedure); TEX. ATT'Y GEN. OP. No. H–330 (1974) ("The Family Code incorporates by reference 'the schedule in Article 26.05,' and we believe that this can only be read as incorporating the entire schedule.").

Consequently, we conclude that we lack jurisdiction to hear Laster's appeal of the trial court's disapproval of and failure to act on her requests for payment and that Laster's remedy is to file a motion for review with the Regional Presiding Judge. *See* TEX.CODE CRIM. PROC. ANN. art. 26.05(c); TEX. FAM.CODE ANN. §§ 51.10(i), 107.015(c). Because we do not have jurisdiction to determine the merits of Laster's requests for payment, we do not address whether the trial court properly dismissed her intervention.

### Conclusion

We dismiss this appeal for want of jurisdiction.