

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00154-CV

JORGE CAMARILLO

APPELLANT
AND APPELLEE

V.

CABINETS BY MICHAEL, INC. AND
MICHAEL WELLS

APPELLEES
AND APPELLANTS

----------

## FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 342-266475-13

----------

## MEMORANDUM OPINION[1]

----------

Appellant and Cross-Appellee Jorge Camarillo and Appellees and Cross-Appellants Cabinets by Michael, Inc. (CBM) and Michael Wells appeal from the trial court's final judgment in this Fair Labor Standards Act (FLSA) case. As

---

[1]*See* Tex. R. App. P. 47.4.

relevant to this appeal, the trial court rendered judgment in favor of Camarillo for unpaid overtime and awarded him $1,585.50 in actual damages, $1,585.50 in liquidated damages, $38,640.50 in reasonable and necessary attorney's fees, and $1,738.25 in costs.

In four issues, Camarillo challenges the trial court's disposition of his overtime claim, and in three issues, CBM and Wells contest the trial court's fees and costs awards. We affirm in part, reverse in part, and remand.

## I. BACKGROUND[2]

On September 7, 2012, Camarillo sued CBM and Wells, alleging two causes of action under the FLSA: Camarillo claimed that (1) CBM and Wells failed to pay him his additional half-time wage for all of the overtime hours he worked from February 2006 to July 19, 2012 (Overtime Claim) and (2) CBM and Wells retaliated against him by constructively discharging him for pursuing his overtime claim (Retaliation Claim). *See* 29 U.S.C.A. § 207(a)(1) (West 2016), § 215(a)(2)–(3) (West 1998). In answer, CBM and Wells filed a general denial. Eventually, CBM and Wells moved for traditional summary judgment on both of Camarillo's claims, which the trial court denied.

CBM and Wells subsequently filed a limited motion to reconsider the trial court's order denying their summary judgment motion. In that motion, CBM and

---

[2]The procedural history of this case is quite lengthy and complex. We set forth only the facts necessary to our disposition. *See Laster v. Thomas*, 487 S.W.3d 772, 772 (Tex. App.—Dallas 2016, no pet.).

2

Wells asked the trial court to find, pursuant to rule of civil procedure 166a(e), that the summary judgment evidence established as a matter of law that Camarillo had worked a total of 317.1 hours of overtime from July 5, 2009, through July 5, 2012, and that his hourly rate during that period was $10.00 per hour. The trial court granted the limited motion to reconsider. CBM and Wells then filed a sworn petition to confess judgment pursuant to rule of civil procedure 314, by which they sought to confess judgment on Camarillo's overtime claim. *See* Tex. R. Civ. P. 314.

In their petition to confess judgment, CBM and Wells asserted that on July 5, 2012, Camarillo filed suit under the FLSA to recover damages for his unpaid overtime "for the prior three (3) years"—i.e., from July 5, 2009, through July 5, 2012.[3] They claimed that the trial court's order granting their limited motion to reconsider conclusively established that Camarillo had worked 317.1 hours of overtime from July 5, 2009, through July 5, 2012, and that his hourly wage at all

[3]In his petition, Camarillo alleged that he had worked for CBM and Wells "from on or about February 2006 through on or about July 19, 2012"; that "[d]uring the relevant time period, [he had] worked an average of 50 hours per week . . . but was not paid the extra half-time rate for any overtime hours [he] worked"; and that he was "claim[ing] the halftime overtime rate for each overtime hour [he had] worked."

The record shows that CBM's and Wells's attempt to limit Camarillo's overtime claim to the three-year period prior to his suit was based not on Camarillo's pleadings but on their argument that the FLSA provides a three-year maximum statute of limitations for overtime wage claims. But CBM and Wells made no reference to the statute of limitations in their petition to confess judgment, nor had they pleaded the statute of limitations as an affirmative defense in their answer to Camarillo's suit.

times during that period was $10.00 per hour. CBM and Wells alleged that these two facts established Camarillo was entitled to recover a total of $1,585.50 in unpaid overtime.[4] *See* 29 U.S.C.A. § 207(a)(1), § 216(b) (West 1998). CBM and Wells further alleged that under the FLSA, Camarillo was entitled to recover an additional $1,585.50 in liquidated damages. *See id.* § 216(b). Accordingly, they conceded Camarillo was entitled to $3,171.00 in damages on his overtime claim and confessed judgment for that amount. Additionally, CBM and Wells acknowledged that under the FLSA, Camarillo was entitled to recover his reasonable attorney's fees and costs. However, they alleged that Camarillo had not provided them with the amount of his reasonable attorney's fees and costs and that they therefore were unable to confess judgment on that portion of his overtime claim.

Upon considering CBM's and Wells's sworn petition to confess judgment, the live pleadings, and its previous orders—including its order granting CBM's and Wells's limited motion to reconsider—the trial court signed a partial judgment in which it found that Camarillo was entitled to recover from CBM and Wells "a total of $1,585.50 for unpaid overtime wages, an additional equal amount of $1,585.50 as liquidated damages, plus his reasonable and necessary attorneys'

---

[4]With respect to his overtime claim, Camarillo's petition alleged that CBM and Wells had only failed to pay him his $5.00 per hour half-time rate for the overtime hours he had worked. Thus, CBM and Wells reached the sum of $1,585.50 by multiplying Camarillo's $5.00 half-time rate times the 317.1 hours of overtime.

4

fees and costs" pursuant to section 216(b) of the FLSA.[5]  Accordingly, the partial judgment provided,

> **IT IS ORDERED** that Plaintiff shall recover from Defendants, jointly and severally, the total sum of $3,171.00 in damages for Defendants' failure to pay Plaintiff overtime wages as required by the FLSA.
>
> **IT IS ORDERED** that Plaintiff shall recover from Defendants, jointly and severally, his reasonable and necessary attorneys' fees and costs pursuant to Section 216(b) of the FLSA based on his overtime wage claim, which amounts shall be proven up by Plaintiff and determined by the Court at a later proceeding.
>
> **IT IS ORDERED** that all other relief requested by Plaintiff for payment of his unpaid overtime wages is hereby denied.

Left pending were Camarillo's retaliation claim and a determination of the amount of his reasonable attorneys' fees and costs on his overtime claim.

Camarillo tried his retaliation claim to a jury, which found in favor of CBM and Wells.[6]  The trial court then conducted a bench trial on the issue of Camarillo's reasonable attorneys' fees and costs.  In its final judgment, the trial

---

[5]Also in its partial judgment, the trial court granted CBM and Wells leave to amend their pleadings to add limitations as an affirmative defense.  CBM and Wells subsequently did so, but by the time they did so, the trial court had already granted their limited motion to reconsider and signed the partial judgment, both of which contained a damages calculation that was premised upon a three-year limitations period.  Camarillo, however, did not raise any issue on appeal regarding CBM's and Wells's failure to timely plead limitations, a fact his counsel confirmed at oral argument, stating that it "is not an issue for us"; that "[he] did not object to filing the statute of limitations as a defense"; and that he was not asking this court to reverse the trial court's judgment on the ground that CBM and Wells were allowed to late-file their limitations defense.

[6]On appeal, neither party challenges the disposition of Camarillo's retaliation claim.

court incorporated its partial judgment and, accordingly, rendered judgment in favor of Camarillo on his overtime claim and awarded him $1,585.50 in actual damages and $1,585.50 in liquidated damages. It also awarded Camarillo $38,640.50 in reasonable and necessary attorney's fees and $1,738.25 in costs.

In four issues, Camarillo argues the trial court erred by granting CBM's and Wells's limited motion to reconsider, by granting their sworn petition to confess judgment, by rendering its partial judgment, and by incorporating the partial judgment into the final judgment. And in three issues, CBM and Wells contend that the trial court erred in its fees and costs award.

As we explain below, we hold that the trial court erred by rendering a final judgment based upon its interlocutory partial judgment.

## II.  THE LIMITED MOTION TO RECONSIDER

The linchpin of Camarillo's argument is his contention that the trial court erred by granting CBM's and Wells's limited motion to reconsider. That is, Camarillo contends that the trial court erred by rendering final judgment on his overtime claim because that rendition was based upon the trial court's prior ruling granting CBM's and Well's limited motion to reconsider. And Camarillo argues the trial court's ruling on the limited motion to reconsider was erroneous because CBM and Wells failed to carry their burden to prove that he worked a total of 317.1 hours of overtime from July 5, 2009, through July 5, 2012.

## A. STANDARD OF REVIEW

Insofar as CBM's and Wells's limited motion to reconsider asked the trial court to reconsider its ruling on their motion for traditional summary judgment, the standards applicable to a motion for traditional summary judgment apply. To prevail on a motion for traditional summary judgment, the movant must prove that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In deciding whether a disputed material fact issue exists precluding summary judgment, we resolve every reasonable inference in favor of the nonmovant and take all evidence favorable to it as true. *Castillo v. Westwood Furniture, Inc.*, 25 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

## B. CBM'S AND WELLS'S MOTION TO RECONSIDER

After the trial court denied their motion for traditional summary judgment, CBM and Wells filed their limited motion to reconsider pursuant to rule of procedure 166a(e). That rule provides,

> **(e) Case not Fully Adjudicated on Motion.** If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

7

Tex. R. Civ. P. 166a(e). In their limited motion to reconsider, CBM and Wells moved the trial court to order that two facts were established as a matter of law: (1) that from July 5, 2009, to July 5, 2012, Camarillo's hourly rate was $10.00 per hour; and (2) that from July 5, 2009, to July 5, 2012, Camarillo worked exactly 317.1 hours of overtime. To establish these facts, CBM and Wells relied on two pieces of summary judgment evidence: an affidavit from Wells and a portion of Camarillo's deposition testimony. And in their brief, CBM and Wells assert that a letter offering tender they sent to Camarillo independently establishes those facts.

### 1. The Wells Affidavit

In pertinent part, Wells's affidavit stated,

2. "I am the president and owner of the defendant in this case, Cabinets by Micha[e]l, Inc. ("Cabinets by Michael"). I have personally read and reviewed Defendants' Motion for Summary Judgment and all of the factual statements therein are within my personal knowledge and are true and correct.

. . . .

5. "I have personally reviewed the time records kept by Cabinets by Michael. Those records reflect that from Sunday, July 5, 2009, until Thursday, July 5, 2012, [Camarillo] worked exactly 317.1 hours of overtime (i.e., he worked 317.1 hours in excess of forty hours per week). During this time period, [Camarillo's] hourly rate was $10.00 per hour.

. . . .

9. "On January 29, 2014, I along with Cabinets by Michael, through counsel, tendered a cashier's check in the total amount of $3,171.00, which constituted full payment for the

8

overtime hours worked by Plaintiff (or $1,585.50) plus 100% of those payments as liquidated damages under the [FLSA] (or $1,585.50).

Copies of the time records referenced in paragraph 5 were not attached to the affidavit.

### 2. Camarillo's Deposition Testimony

The excerpt of Camarillo's deposition read as follows:

Q.    Mr. Camarillo, do the time cards that -- are the copies of the time cards that are in front of you, do they appear to be correct?

A.    Yes.

Q.    So if the time cards show that you were owed 317.1 hours of overtime, would that be correct?

A.    Yes.

Q.    And just to be clear, when you worked more than 40 hours, you were paid for all those hours, and the lawsuit deals only with the additional amounts you were not paid. Is that correct?

A.    Yes.

. . . .

Q.    When you left Cabinets by Michael, do you know what your hourly rate of pay was, Mr. Camarillo?

A.    They paid 10.

### 3. The January 29, 2014 Letter Offering Tender

Attached to Wells's affidavit was the January 29, 2014 letter offering tender he referenced in paragraph 9 of his affidavit. In pertinent part, the letter, directed to Camarillo's counsel, states:

9

Enclosed is a cashier's check in the sum of $3,171.00 made payable to Jorge Camarillo and you as his attorney. This check represents an unconditional tender of payment of overtime due to Jorge Camarillo as alleged in the above referenced lawsuit. Based upon Company records (previously provided to you) he was entitled to receive a total of 317.1 hours of overtime. His hourly rate was $10.00 per hour. He was paid the $10.00/hour for such hours but did not receive the additional $5.00/hour to which he was entitled. The amount owed for back pay is $1,585.50. (317.1 hours x $5.00 = $1,585.50)[.] My client is also tendering 100% of that amount as liquidated damages which may have been due under the Fair Labor Standards Act for a total of $3,171.00. ($1,585.50 x 2 = $3,171.00)[.]

In his affidavit, Wells averred that Camarillo rejected this payment.

### 4. The Trial Court's Ruling

Based upon Wells's affidavit and Camarillo's deposition testimony, the trial court granted the limited motion to reconsider and found that the following facts were established as a matter of law: (1) Camarillo had worked a total of 317.1 hours of overtime from July 5, 2009, to July 5, 2012; and (2) Camarillo's hourly rate from July 5, 2009, to July 5, 2012, was $10.00.

### C. CBM AND WELLS DID NOT MEET THEIR SUMMARY-JUDGMENT BURDEN

Camarillo argues that neither Wells's affidavit nor his own deposition testimony establishes he worked a total of 317.1 hours of overtime from July 5, 2009, to July 5, 2012. We examine each exhibit in turn.

### 1. Wells's Affidavit

Camarillo contends that with respect to the 317.1-hour calculation, Wells's affidavit is conclusory because Wells averred that he had reached that number by reviewing CBM's time records, but CBM and Wells neither attached sworn or

10

certified copies of those records to the affidavit nor served sworn or certified copies of those records along with the affidavit as required by rule of civil procedure 166a(f). *See* Tex. R. Civ. P. 166a(f).

### a. Paragraph 5 is Conclusory

Rule 166a(f) provides in relevant part that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.* The failure to attach or serve sworn or certified copies of papers referenced in a summary-judgment affidavit may leave the affidavit conclusory. *See Acrey v. Kilgore & Kilgore, PLLC*, No. 05-15-01229-CV, 2017 WL 1173830, at *3 (Tex. App.—Dallas Mar. 30, 2017, no pet.) (mem. op.); *Luke v. Unifund CCR Parters*, No. 02-06-444-CV, 2007 WL 2460327, at *6 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.). Conclusory affidavits are substantively defective and constitute no evidence. *See Long v. Farris*, No. 02-17-00236-CV, 2018 WL 1192252, at *6 (Tex. App.—Fort Worth Mar. 8, 2018, no pet.) (mem. op.) (stating that conclusory evidence is not competent summary judgment proof and, therefore, constitutes no evidence); *Luke*, 2007 WL 2460327, at *6 (stating that an affidavit that is conclusory is substantively defective). The failure to attach or serve sworn or certified copies of papers referred to in a summary-judgment affidavit leaves the affidavit conclusory if the referenced papers are what provides the affidavit with a factual basis. *See Acrey*, 2017 WL 1173830, at *3; *Luke*, 2007 WL 2460327, at *6–7.

11

Wells's affidavit is unmistakable in its expression that the factual basis of his conclusion that Camarillo worked "exactly 317.1 hours of overtime" from July 5, 2009, to July 5, 2012, was his review of CBM's time records. This testimony implicates the requirements of Rule 166a(f) because it expressly references "papers or parts thereof," namely, CBM's time records. *See* Tex. R. Civ. P. 166a(f). Because Wells's affidavit is clear that it was his review of CBM's time records that provided the factual basis for his conclusion that those records showed Camarillo worked exactly 317.1 hours of overtime, the failure to attach or serve sworn or certified copies of the time records Wells referenced in his affidavit rendered conclusory his testimony regarding what those records showed. *See Acrey*, 2017 WL 1173830, at *3; *Luke*, 2007 WL 2460327, at *6–7. Thus, because it was conclusory, Wells's testimony that CBM's time records showed Camarillo worked exactly 317.1 hours of overtime constituted no evidence of the number of overtime hours Camarillo worked. *See Long*, 2018 WL 1192252, at *6; *see also Brown v. Mesa Distribs, Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting that an affidavit that states only legal or factual conclusions without providing factual support is not proper summary judgment evidence).

**b. The Documents Camarillo Attached to his Response did not Cure Wells's Conclusory Affidavit**

To his response to the limited motion to reconsider, Camarillo attached time records that CBM and Wells had produced in discovery. By attaching these

12

records, CBM and Wells argue, Camarillo cured any defect in their failure to attach the time records Wells referenced in his affidavit. But to the extent the trial court could have relied on the records Camarillo attached, CBM's and Wells's argument is unpersuasive. There is no evidence that the records Camarillo attached to his response are the same records that Wells testified he reviewed in order to reach the 317.1-hour figure; thus, the conclusory nature of Wells's affidavit was not cured by the records Camarillo attached.

Additionally, the records Camarillo attached contain contradictory figures regarding the number of hours Camarillo worked. The records Camarillo attached included time cards and payroll statements. And as Camarillo notes in his brief, for at least some pay periods, there is a discrepancy between the total number of hours the time cards reflect Camarillo worked and the total number of hours the payroll statements reflect that he worked.

For instance, for the pay period beginning May 13, 2010, and ending May 19, 2010, the payroll statements show Camarillo worked a total of 45.50 hours, while the time cards show he was clocked in for a total of 48.35 hours. Thus, the payroll statements reflect Camarillo worked a total of 5.50 hours of overtime during that period while the time cards support a conclusion that he worked a total of 8.35 hours of overtime. So too with the pay period beginning September 9, 2010, and ending September 15, 2010: the payroll statements show Camarillo did not work any overtime while the time cards support a conclusion that he worked 1.64 hours of overtime. Thus, far from curing CBM's

13

and Wells's failure to attach or serve certified or sworn copies of the records Wells referenced in his affidavit, to the extent the records Camarillo attached to his response can be considered as competent summary judgment evidence, those records raise a genuine issue of material fact regarding the total number of overtime hours Camarillo worked.

### c. Paragraphs 2 and 9 do not Alternatively Establish the 317.1-Hour Figure

CBM and Wells attempt to salvage Wells's affidavit by arguing that two additional portions of the affidavit provide competent evidence independent of paragraph 5 establishing that Camarillo worked a total of 317.1 hours of overtime. Those two additional portions are paragraph 2 and paragraph 9. We note that CBM and Wells did not rely on either of these paragraphs in either their motion for summary judgment or their limited motion to reconsider for the purpose of establishing the number of overtime hours Camarillo worked.[7] But in any event, to the extent the trial court could have considered these additional paragraphs when deciding the issue of whether CBM and Wells had conclusively proved the amount of overtime Camarillo worked even though CBM and Wells did not rely on that evidence for that purpose, those paragraphs, like paragraph

---

[7]Indeed, in their limited motion to reconsider, the specific ground on which CBM and Wells asserted that they were entitled to a finding that as a matter of law, Camarillo worked 317.1 hours of overtime from July 5, 2009, through July 5, 2012, was that paragraph 5 of Wells's affidavit and Camarillo's deposition testimony established that amount. And in his response to the limited motion to reconsider, Camarillo focused solely on those specific pieces of evidence.

14

5, fail to establish the number of overtime hours Camarillo worked. We consider paragraph 2 and paragraph 9 in turn.

As quoted in their brief, CBM and Wells say that their summary judgment motion contained the factual statement that "it is undisputed that [Camarillo] worked a total of 317.1 hours of overtime from July 5, 2009 until July [5], 2012, which would require [CBM and Wells] to pay [Camarillo] overtime wages totaling $1,585.50 (or 317.1 x $5.00)." They point out that in paragraph 2 of his affidavit, Wells averred that he had "personally read and reviewed Defendants' Motion for Summary Judgment and all of the factual statements therein [were] within [his] personal knowledge and [were] true and correct." This testimony, they argue, transformed the ordinary factual allegations in their summary judgment motion into competent summary judgment evidence. To the contrary, however, factual statements in a motion for summary judgment do not constitute competent summary judgment evidence even if, as here, those facts are sworn to or verified in a summary-judgment affidavit. *See XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 60–61 (Tex. App.—Fort Worth 2011, pet. denied).

In paragraph 9 of his affidavit, Wells averred that on January 29, 2014, CBM and Wells "tendered a cashier's check in the amount of $3,171.00, which constituted full payment for the overtime hours worked by [Camarillo] (or $1,585.50) plus 100% of those payments as liquidated damages under the [FLSA] (or $1,585.50)." CBM and Wells argue this testimony was competent summary judgment evidence that Camarillo worked a total of 317.1 hours of

15

overtime since it was undisputed that Camarillo was only seeking his half-time hourly rate of $5.00. Given Wells's testimony that $1,585.50 of the payment represented full payment for the overtime hours Camarillo worked, and given the undisputed fact that Camarillo only sought $5.00 for every hour of overtime worked, CBM and Wells argue that by dividing $1,585.50 by Camarillo's $5.00 per hour half-time rate shows that Camarillo worked 317.1 hours of overtime. But insofar as paragraph 9 supports an inference that Camarillo worked 317.1 hours of overtime, it nevertheless fails to provide a factual basis for that calculation, rendering it conclusory. *See Padilla v. Metro. Transit Auth. of Harris Cty.*, 497 S.W.3d 78, 85–86 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## 2. Camarillo's Deposition Testimony

Camarillo also argues that the excerpt from his deposition did not establish that he worked 317.1 hours of overtime from July 5, 2009, through July 5, 2012. CBM and Wells rely on the following deposition excerpt, arguing it supports the trial court's finding that Camarillo worked a total of 317.1 hours of overtime from July 5, 2009, to July 5, 2012:

Q. Mr. Camarillo, do the time cards that -- are the copies of the time cards that are in front of you, do they appear to be correct?

A. Yes.

Q. So if the time cards show that you were owed 317.1 hours of overtime, would that be correct?

A. Yes.

16

In this excerpt, Camarillo testified that the time records that were in front of him were accurate and that if those records reflected he worked a total of 317.1 hours of overtime, then that number would be correct. This testimony does not establish that Camarillo worked a total of 317.1 hours of overtime. And given that the question is based upon an unsupported assumption, this testimony also does not establish that the time records in front of him—records which are not in the summary judgment record—reflected that he worked 317.1 hours of overtime.

### 3. The January 29, 2014 Tender Letter

CBM and Wells contend that their January 29, 2014 tender letter, which was attached to Wells's affidavit, constituted independent and competent summary judgment evidence establishing that Camarillo worked a total of 317.1 hours of overtime from July 5, 2009, through July 5, 2012. This, like their arguments concerning paragraph 2 and paragraph 9 of Wells's affidavit, is an assertion they make for the first time on appeal, for the record shows they did not rely on this letter to establish the number of overtime hours Camarillo worked in either their motion for summary judgment or their limited motion to reconsider.

With regard to the amount of Camarillo's overtime, the tender letter tells Camarillo's counsel that "[b]ased upon Company records (previously provided to [him]) [Camarillo] was entitled to receive a total of 317.1 hours of overtime." Like Wells's essentially identical affidavit testimony, this statement asserts that the factual basis for the 317.1-hour overtime calculation is CBM's company records.

17

And as with Wells's affidavit testimony, the failure to provide the records upon which that 317.1-hour calculation was based leaves that calculation without a factual basis. *Cf. Acrey*, 2017 WL 1173830, at *3 ("[I]f records referenced in an affidavit are what provides the affidavit with a factual basis, the absence of such records will render the affidavit conclusory."). Since CBM's records are what provides the tender letter with a factual basis for its assertion that Camarillo worked 317.1 hours of overtime, the failure to provide those records renders that assertion conclusory.[8] *Cf. id.* Moreover, even assuming the tender letter contained competent summary judgment evidence of the number of overtime hours Camarillo worked, as we noted above, the records Camarillo attached to his response to the limited motion to reconsider raised a genuine issue of material fact regarding the total number of overtime hours Camarillo worked.

We conclude that CBM and Wells failed to carry their burden to establish with competent summary judgment evidence that as a matter of law, Camarillo worked exactly 317.1 hours of overtime from July 5, 2009, through July 5, 2012.

---

[8]CBM and Wells suggest the tender letter is sufficient to support the trial court's order granting the limited motion to reconsider notwithstanding the fact that the letter does not have the referenced records attached to it. They cite our decision in *Albright v. Good Samaritan Soc'y-Denton Village*, No. 02-16-00090-CV, 2017 WL 1428724, at *3 (Tex. App.—Fort Worth Apr. 20, 2017, no pet.) (mem. op.), stating that in that case we held rule of civil procedure 166a(f) does not require a party to attach copies of records that are referenced in a document that is not an affidavit. But the issue with respect to the tender letter here is not whether rule 166a(f) requires documents referenced in an attachment to an affidavit to be attached to or served with the affidavit; rather, the issue is whether the statement CBM and Wells attempt to rely upon to establish the amount of Camarillo's overtime is conclusory.

18

Thus, the trial court erred by granting CBM's and Wells's limited motion to reconsider and by finding pursuant to rule of civil procedure 166a(e) that Camarillo worked exactly 317.1 hours of overtime from July 5, 2009, through July 5, 2012.[9]

### III. THE SWORN PETITION IN CONFESSION OF JUDGMENT AND INTERLOCUTORY PARTIAL JUDGMENT

Camarillo also contends that the trial court erred by granting CBM's and Wells's sworn petition to confess judgment and by rendering the partial judgment. We agree. In their sworn petition, CBM and Wells relied upon the trial court's 317.1-hour finding to establish the amount upon which they were confessing judgment with respect to Camarillo's overtime claim, and the trial court rendered its partial judgment based upon that 317.1-hour calculation. Thus, because the trial court erred by finding, pursuant to rule of civil procedure 166a(e), that as a matter of law Camarillo worked exactly 317.1 hours of overtime from July 5, 2009, through July 5, 2012, it likewise erred by granting the sworn petition to confess judgment and rendering the partial judgment, both of which were grounded on that erroneous finding.

---

[9]In granting the limited motion to reconsider, the trial court found that Camarillo's hourly wage at all times during the relevant period was $10.00 per hour. Camarillo has not disputed that finding in the trial court or his briefing in this court.

19

## IV. THE FINAL JUDGMENT

Finally, Camarillo argues that the trial court erred by rendering its final judgment. In the final judgment, the trial court disposed of Camarillo's overtime claim by expressly incorporating its order on the limited motion to reconsider and its interlocutory partial judgment. Thus, because the trial court's disposition of Camarillo's overtime claim was based on the trial court's erroneous order granting CBM's and Wells's limited motion to reconsider and its erroneous interlocutory partial judgment, it necessarily follows that the trial court's final judgment is erroneous to the extent it rendered judgment on Camarillo's overtime claim.

In sum, we sustain Camarillo's issues to the extent he argues the trial court erred by granting CBM's and Wells's limited motion to reconsider, by granting their sworn petition to confess judgment, by rendering its partial judgment, and by incorporating the partial judgment into the final judgment. To the extent Camarillo's brief raises additional issues, we need not and do not address them. *See* Tex. R. App. P. 47.1.

CBM's and Wells's cross-appeal challenges the amount of attorney's fees and costs the trial court awarded to Camarillo. All of those fees and costs were awarded to Camarillo as the prevailing party on his overtime claim. Because our holdings necessitate that we reverse the trial court's judgment as to Camarillo's overtime claim and remand for further proceedings on that claim, and because the premise of the award of attorney's fees and costs to Camarillo was the

20

rendition of judgment in his favor on the overtime claim, we must also reverse the award of attorney's fees and costs. Therefore, the issues CBM and Wells raised in their cross-appeal are moot.[10]

## V. CONCLUSION

Because neither party has challenged the disposition of Camarillo's retaliation claim, we affirm the trial court's judgment as to that claim. Tex. R. App. P. 43.2(a). Having concluded the trial court erred by rendering judgment on Camarillo's overtime claim, we reverse the trial court's judgment as to that claim and the award of attorney's fees and costs to Camarillo and remand the overtime claim for further proceedings. Tex. R. App. P. 43.2(d). And given our disposition, we dismiss CBM's and Wells's cross-appeal as moot. Tex. R. App. P. 43.2(f).

---

[10]In the third issue of their cross-appeal, CBM and Wells requested that if we remand this case, we limit the trial court's determination of Camarillo's claim for attorney's fees and costs to the evidence already presented on those issues "without re-opening the case and evidence and without allowing an improper second trial on the issue of attorneys' fees and costs." That request is premised on our affirming the trial court's disposition of Camarillo's overtime claim and reversing only its award of attorney's fees and costs. But we have reversed the trial court's disposition of Camarillo's overtime claim based on the trial court's erroneous granting of CBM's and Well's limited motion to reconsider and, consequently, that claim remains pending. That disposition necessitates a reversal of the trial court's award of attorney's fees and costs. This case is remanded for a determination of Camarillo's overtime claim as well as any award of attorney's fees and costs attributable to that claim. Given that posture, CBM's and Well's request that we limit the scope of remand as to the trial court's attorney's fees and costs award is moot.

21

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and KERR, JJ.

SUDDERTH, C.J., filed a concurring opinion.

DELIVERED:  June 28, 2018